MARY BERGEN AND JOHN BERGEN, PLAINTIFFS-RE-
SPONDENTS, v. VIRGINIA KOPPENAL, DEFENDANT-
RESPONDENT, AND WALL TOWNSHIP, A MUNICIPAL
CORPORATION OF THE STATE OF NEW JERSEY, DE-
FENDANT-APPELLANT.

Argued September 10, 1968—Decided October 7, 1968.

Mr. *Robert R. Witt* argued the cause for appellant (*Mr. Stephen C. Carton,* of counsel; *Messrs. Carton, Nary, Witt* and *Arvanitis,* attorneys).

Mr. *Leslie S. Kohn* argued the cause for plaintiffs-respondents.

The opinion of the court was delivered

PER CURIAM. Plaintiffs sued Wall Township (Township) and Virginia Koppenal for injuries sustained in a collision between plaintiffs' car and the Koppenal car. At the close of plaintiffs' case the trial court granted the Township's motion to dismiss. The jury returned a verdict against Mrs. Koppenal. Upon plaintiffs' appeal, the Appellate Division reversed the judgment in favor of the Township and ordered a retrial as to it. *Bergen v. Koppenal,* 97 *N. J. Super.* 265 (*App. Div.* 1967). We granted the Township's petition for certification. 51 *N. J.* 183 (1968).

The facts appear in the Appellate Division's opinion. Briefly, at 6:16 A.M. a township police officer noted that an overhead traffic light had broken loose and turned so that its signal was misdirected. The road was not the Township's although within its borders. It was a state highway, and the lighting system was installed and maintained by the State Highway Department. The police officer radioed his headquarters, which however could not reach the Highway

Department until it opened at 8:00 A.M. At 8:45 A.M. Mrs. Koppenal proceeded from a stopped position when the errant light flashed green, although two other lights facing her continued to show red. She collided with plaintiffs' car which properly was moving on green. As we have said, the jury found Mrs. Koppenal was negligent.

The difficulty arises from the fact that neither the highway nor the lights belonged to the Township or were under its possessory control. *Cf. Hoy v. Capelli*, 48 *N. J.* 81, 85–86 (1966). The question is whether for tort purposes the Township was nonetheless under a duty to take over traffic control when its officer learned of the situation we have described. We have never held that every police failure to act may be translated into a dollar liability. Although we affirm the action of the Appellate Division, we should not be thought to embrace so large a proposition. Rather we think it fair to say that a duty may be found if a police officer learns of an emergent road condition which is likely not to be observed by a motorist and which holds an unusual risk of injury. In such circumstances the municipality must act reasonably to guard the traveler until the appropriate authority, here the State's own agencies, can take over. In such an inquiry, the municipality may prove the police did not act because of competing demands upon the police force. If such proof is in the case, the jury should be instructed that, with respect to the issue of competing demands, the jury may not disagree with the police deployment judgment unless it is palpably unreasonable. In permitting a jury to deal with the issue of competing demands, we should emphasize that we are not modifying the rule of *Hoy v. Capelli, supra,* and *Amelchenko v. Borough of Freehold*, 42 *N. J.* 541 (1964), that high-level policy decisions may not be reviewed at all by a jury. We are here dealing with a situation in which because of the special circumstances stated above the municipality could be found to have a duty to act and as to which the municipality may have omitted to act because of other demands upon its police.

With the foregoing modification, the judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices FRANCIS, HALL, SCHETTINO and HANEMAN—5.

*For reversal*—None.