171 N.J. Super. 278 (1979)
408 A.2d 827
ROBERT WILLIAMS, AN INFANT BY HIS GUARDIAN AD LITEM, GERALD WILLIAMS, AND GERALD WILLIAMS, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS,
v.
THE TOWN OF PHILLIPSBURG, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1979.
Decided November 15, 1979.
*280 Before Judges CRANE, MILMED and KING.
Kenneth R. Rothschild argued the cause for appellant (Graham, Yurasko, Golden, Lintner & Rothschild, attorneys).
Thomas R. Hampshire argued the cause for respondents.
The opinion of the court was delivered by KING, J.A.D.
In this case the infant plaintiff, Robert Williams, brought suit against the Town of Phillipsburg through his guardian Gerald Williams, who also sued individually, for personal injuries. The town's liability was predicated on the section of our Tort Claims Act, N.J.S.A. 59:4-2, which described the substantive requirements for imposition of liability on a public entity for conditions of public property causing personal injury.
On July 3, 1974 Robert was playing behind the backstop of a municipally-owned baseball field near his home when he fell and injured his eye on glass debris. The case was tried on liability only. The contest focused on the responsibility of the town for the dangerous condition of the playing field and the contributory negligence of the infant plaintiff. The town disputed the extent of its notice of the condition and proved the efforts it took to keep the ballfield clear of glass. The broken glass apparently appeared recurrently as a result of teenage nocturnal activities.
The jury returned a liability verdict of 66% on defendant town's part and 34% on the infant plaintiff's part. Following the trial on liability the parties entered into a consent judgment for $15,000 in plaintiffs' favor, subject to the right of defendant to appeal the jury verdict of liability. If defendant's appeal were unsuccessful, the $15,000 jury verdict was to be apportioned in accordance with the jury's findings on liability. It was further agreed in the consent judgment that the judgment on the damage amount would "survive any retrial as to liability aspects."
*281 On this appeal defendant contends that the trial judge erred in the jury instructions relating to the town's substantive liability under the Tort Claims Act.
N.J.S.A. 59:4-2 specifically states the conditions under which a public entity may be liable for injury caused by a condition of its property:
A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable. [Emphasis added]
Plaintiff did not proceed under subsection (a) relating to negligent acts or omissions of an employee of the public entity creating the dangerous condition. Plaintiff proceeded under subsection (b) because the broken glass hazard was created by unknown third persons.
Plaintiff was therefore required to prove these elements: (1) a dangerous condition of property at the time of injury, (2) which proximately caused the injury, (3) a reasonably foreseeable risk of the kind of injury incurred, and (4) actual or constructive notice of the condition in compliance with N.J.S.A. 59:4-3. Even if these elements were established, liability would not attach under N.J.S.A. 59:4-2 unless the taking or the failure to take measures to protect against the condition was "palpably unreasonable." The concepts of reasonable care and negligence are not pertinent to a public entity's liability for a subsection (b) *282 claim under N.J.S.A. 59:4-2, except on the subsidiary issue of constructive notice detailed in N.J.S.A. 59:4-3(b).
With this statutory background we may now embark on an analysis of the alleged error in the court's charge and in the special interrogatory to the jury.
The trial judge commenced the liability portion of the charge as if this were a routine negligence case. He said:
Now, the mere happening of an accident, whether it results in an injury or not, provides no basis for a judgment for a party. The actions of the defendant must have been negligent in order for the plaintiff to be compensated. If you find that the preponderance of the evidence demonstrates the negligence of the defendant, then you are required to decide next whether or not, according to the preponderance of the proof, such negligence was a proximate cause of the accident.
By the term "proximate cause" we mean that the negligent conduct of the defendant must have been the efficient, producing cause of the accident.
Now, negligence is never presumed. It must be proven. As I have said, the plaintiff claims the defendant was negligent and that such negligence was a proximate cause of the accident and his injury. This simply means that any individual or corporation or municipality is under a duty to exercise, for the safety of others, that degree of care, precaution and vigilance which a reasonably prudent person would exercise under the same circumstances, a reasonably prudent person or prudent municipality. Negligence, then, is a departure from that standard of care, and that is the test you are to apply in the first instance in determining whether the defendant was negligent.
As to reasonable care, I can only say that it is variable in degree. The degree of care deemed reasonable is that which is commensurate with the natural and probable risks and dangers attending a particular undertaking.
The judge next described the conditions of liability which must be met under N.J.S.A. 59:4-2, including the requirements of actual or constructive notice. The judge then gave the following instructions which embodied the town's immunity defense under N.J.S.A. 59:4-2, as well as under N.J.S.A. 59:2-3 relating to discretionary governmental activities:

*283 Now if you find all of this, you still may not find a municipality liable if the actions it took to protect against the condition or the failure to take such action was not palpably unreasonable. If you should find that the municipality has proven that it did not act or did not do certain things because of competing demands upon its clean-up and maintenance resources, then you, ladies and gentlemen of the jury, may not disagree with the municipality's judgment, unless it is palpably unreasonable. A municipality is not liable for its exercise of discretion in determining whether to provide resources necessary for the purchase of equipment, the construction or maintenance of its facilities, the hiring of personnel, in general, the providing of adequate government services. A municipality is not liable for the exercise of discretion when, in the face of competing demands, it determines whether and how to utilize or apply the existing resources, including those allocated for equipment, facilities and personnel, unless, in the exercise of its discretion, the municipality's discretion, the municipality was palpably unreasonable.
The trial judge then discussed the law relating to defendant's contention that plaintiff's contributory negligence barred or diminished his claim, N.J.S.A. 59:9-4. The charge on burden of proof was cast in terms of defendant's "negligence."
Upon concluding the charge the trial judge told the jury to answer four special interrogatories as follows:
1. Was defendant negligent?
2. Was defendant's negligence a proximate cause of the accident?
3. Was the plaintiff negligent?
4. Was the plaintiff's negligence a proximate cause of the accident?
If they answered all four questions "yes," the jury was told to assess the respective percentages of negligence.
Defendant's counsel did not object to the body of the charge although he did submit an appropriate request to charge in writing. He did make the following objections to the interrogatory form.
MR. ROTHSCHILD [defense counsel]: I was going to suggest to the Court that since the test is not negligence but palpably unreasonable conduct, that the first *284 question should really be, was the defendant Township palpably unreasonable in their conduct.
THE COURT: Well, okay. I don't think I am going to go any further on that. I think it would only tend to confuse the jury. I think we had it pretty much outlined there.
All four interrogatories were answered "yes," and the verdict was 66% negligence on the town, 34% negligence on plaintiff.
The term "palpably unreasonable" appears in the Tort Claims Act three times, but is never defined. N.J.S.A. 59:2-3(d) (discretionary activities of a public entity); N.J.S.A. 59:3-2(d) (discretionary public employee), and N.J.S.A. 59:4-2. The legislative comment accompanying the latter section states:
This section recognizes the difficulties inherent in a public entity's responsibility for maintaining its vast amounts of public property. Thus it is specifically provided that when a public entity exercises or fails to exercise its discretion in determining what action should or should not be taken to protect against the dangerous condition that judgment should only be reversed where it is clear to the court that it was palpably unreasonable. Bergen v. Koppenal, 52 N.J. 478, 480, 246 A.2d 442 (1968). That decision was based on the thesis that a public entity's discretionary decisions to act or not to act in the face of competing demands should generally be free from the second guessing of a coordinate branch of Government. In addition, a public entity is not prohibited from asserting the traditional common law defense to liability.[1]
Bergen v. Koppenal, 52 N.J. 478, 480 (1968), seems to have coined the usage of the term "palpably unreasonable" in the context of governmental immunity in this jurisdiction. In that case "an overhead traffic signal had broken loose and turned so that its signal was misdirected." Several motorists were misled by the deceptive signal, an accident resulted and a law suit *285 against the township ensued. The defective traffic signal was on a state highway. The plaintiff contended that the local municipal police, once notified, should have acted to correct the condition. The Supreme Court stated: "We have never held that every police failure to act may be translated into dollar liability." Ibid. The court ruled that a municipality could show in defense that the police did not act because of competing demands upon the police force. In the face of such a defense "the jury may not disagree with the police deployment judgment unless it is palpably unreasonable." Ibid. The term was not further defined.[2]
Both the Supreme Court in Bergen v. Koppenal and the Legislature in enacting the Tort Claims Act obviously desired to allow governmental officials substantial latitude when exercising judgment in the allocation of increasingly scarce societal resources. The philosophical distinction between a private person's duty and the duty of a public entity was stressed in N.J.S.A. 59:1-2, the "Legislative Declaration," where the Legislature "recognize[d] that while a private entrepreneur may readily be held liable for negligence within the chosen ambit of his activity, the area within which government has the power to act for the public good is almost without limit and therefore government should not have a duty to do everything that might be done." A decision on discretionary allocation of resources may arise in myriad circumstances, e.g., Mitchell v. Trenton, 163 N.J. Super. 287 (App.Div. 1978) (repair of street curbing); *286 McGowan v. Eatontown, 151 N.J. Super. 440, 449 (App.Div. 1977) (salting and sanding roadways).
We conclude that the legislative intention was to allow sufficient latitude for resourceful and imaginative management of public resources while affording relief to those injured because of capricious, arbitrary, whimsical or outrageous decisions of public servants. We have no doubt that the duty of ordinary care, the breach of which is termed negligence, differs in degree from the duty to refrain from palpably unreasonable conduct. The latter standard implies a more obvious and manifest breach of duty and imposes a more onerous burden on the plaintiff.
We thus find that the trial judge erred in mixing the concepts of negligent conduct and palpably unreasonable conduct when outlining defendant town's duty to the jury. This confusion on the standard to be applied to defendant's efforts in attempting to prevent and correct the allegedly dangerous condition on the ballfield had a high potential for misleading the jury, especially when the special interrogatory used the wrong standard, adverting to "defendant's negligence." Our Supreme Court has recently noted "the subtly coercive effect interrogatories can have upon the course of a jury's deliberations." State v. Simon, 79 N.J. 191, 200 (1979). The capacity for confusion was compounded here because the jury was also required to evaluate plaintiff's contributory negligence. We cannot assume that if the jury had been properly asked to weigh the percentage of defendant's "palpably unreasonable" conduct against the percentage of plaintiff's "contributorily negligent" conduct proximately causative of the accident, it would have reached the same 64-36 allocation. We therefore reverse.
In view of our decision on the jury charge issue it is unnecessary to reach defendant's other ground for reversal.
Reversed and remanded for a new trial.
NOTES
[1] This comment is derived from the Report of the Attorney General's Task Force on Sovereign Immunity  May 1972, which drafted the New Jersey Tort Claims Act.
[2] The term "palpably unreasonable" does not appear in the comparable section of the California tort claims act, Cal.Government Code § 835 (West), relating to injuries caused by dangerous conditions of public property or any place else in the California act. Id. § 810 et seq. New Jersey's Tort Claims Act was modeled after the act adopted by California in 1963. See the legislative comment to N.J.S.A. 59:2-1, "Immunity of Public Entity Generally," derived from the Report of the Attorney General's Task Force on Sovereign Immunity  May 1972.