228 N.J. Super. 320 (1988)
549 A.2d 874
STATE OF NEW JERSEY AND THE NEW JERSEY EDUCATIONAL FACILITIES AUTHORITY, PLAINTIFFS-APPELLANTS,
v.
SCIENTIFIC COATING CO., INC., UNITED STATES FIDELITY AND GUARANTY CO., SCRIMENTI/SHIVE/SPINELLI/PERANTONI, ARCHITECTS AND TESTWELL CRAIG TESTING LABORATORIES, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1988.
Decided October 21, 1988.
*321 Before Judges SHEBELL, GRUCCIO and LANDAU.
Valerie L. Egar, Deputy Attorney General, argued the cause for appellants (W. Cary Edwards, Attorney General, attorney, Michael R. Clancy, Deputy Attorney General, and Benjamin Clarke, Deputy Attorney General, of counsel, Valerie L. Egar, on the brief and the reply brief).
Charles J. Casale, Jr., argued the cause for respondent Testwell Craig Testing Laboratories, Inc. (David A. Gies, on the brief).
Waters, McPherson, McNeill, Fitzpatrick, attorneys, submitted a letter brief on behalf of Scientific Coating Co., Inc. and Jerry and Joan Goldfarb (Stephen E. Milazzo, on the letter brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
*322 Plaintiffs State of New Jersey and the New Jersey Educational Facilities Authority appeal, on leave granted, the dismissal on statute of limitations grounds of their suit against defendant Testwell Craig Testing Laboratories, Inc. (Testwell Craig). Plaintiffs urge that under the doctrine of nullum tempus occurrit regi (nullum tempus) the statute of limitations cannot bar this claim.
On or about April 21, 1977, the State Division of Building and Construction authorized defendant Scrimenti/Shive/Spinelli/Perantoni Architects (Scrimenti) to design and prepare plans for the removal of asbestos material from Bohn Hall, a dormitory at Montclair State College. An agreement was entered into between the State and Scrimenti on or about July 14, 1977, for the asbestos removal plans. On or about June 30, 1977, the State entered into a contract with Scientific Coating for the asbestos removal. United States Fidelity and Guaranty Company executed a bond, securing the faithful performance by Scientific Coating of its contractual obligations.
On or about August 8, 1977, Testwell Craig contracted with the State to perform field sampling and laboratory analysis to test for the presence of airborne asbestos fibers at Bohn Hall. Testwell Craig performed the testing and provided the State with reports indicating that airborne asbestos levels were acceptable. A final acceptance certificate on the job was signed by the architect on December 23, 1977, and issued by the State on February 3, 1978. In May 1982 and January 1983, the State found evidence of the presence of asbestos at Bohn Hall. By letter dated March 2, 1983, Scientific Coating was notified of the State's finding of asbestos and requested to remove the remaining asbestos at Bohn Hall. A memorandum was issued on March 22, 1983 discussing the presence of asbestos at the dormitory and recommending legal action against the asbestos removal contractor. Correspondence between the State and Scientific Coating followed. The State amended its complaint on September 9, 1985 to include Testwell Craig as a defendant.
*323 The statute of limitations for an action based on a contract or a tort to property is six years (N.J.S.A. 2A:14-1). If the statute of limitations is applicable, the State's claim is precluded, as Testwell Craig was not joined as a party defendant until September 10, 1985, more than seven years after Testwell Craig performed the tests, and the project was substantially completed.
The parties to this appeal agree that New Jersey Educational Facilities Authority is a division of the State and that if the doctrine of nullum tempus is otherwise applicable, the Authority is entitled to invoke it. The New Jersey Educational Facilities Authority is unquestionably entitled to the status of a state authority in this action. N.J.S.A. 18A:72A-4a states that the New Jersey Educational Facilities Authority, "shall constitute a political subdivision of the state established as an instrumentality exercising public and essential government functions...."
The nullum tempus doctrine means, "[t]ime does not run against the king." Black's Law Dictionary 963 (5th ed. 1979). It "springs from the superior and pre-eminent policy to preserve public rights, revenues and property from injury and loss otherwise resulting from the inadvertence or neglect of public agents." Trustees, etc., Public Schools v. The Ott and Brewer Co., 135 N.J. Eq. 174, 177 (Ch. 1944). The authorities in other jurisdictions are split as to whether the bar of the statute of limitations is applicable against the State in tort and contract actions. See Bd. of Trustees of Bergen Com. Col. v. J.P. Fyfe, 192 N.J. Super. 433 (App.Div. 1983) (and citations therein at 436), certif. den. 96 N.J. 308 (1984).
We believe that the holding in Bd. of Trustees of Bergen Com. Col. v. J.P. Fyfe, 188 N.J. Super. 288, 296 (Law Div. 1982), aff'd 192 N.J. Super. 433 (App.Div. 1983), certif. den. 96 N.J. 308 (1984), should be limited to the proposition that a county college is not the kind of body which enjoys the appurtenances of sovereignty, and thus may not invoke the doctrine of nullum tempus. We do not agree that because New Jersey *324 has modified its immunity from contractual liability, N.J.S.A. 59:13-1 et seq., and from liability in tort, N.J.S.A. 59:1-1 et seq., that it is not entitled to the benefit of nullum tempus. See Port Authority of N.Y. and N.J. v. Bosco, 193 N.J. Super. 696, 700 (App.Div. 1984). The fact that the State has limited its sovereign immunity does not mean that its exemption from statutes of limitation is revoked as well. There is no inextricable link between the two. Ibid. We stated in Bosco, "[i]t is settled in the State of New Jersey that the Statute of Limitations does not run against the State or any of its agencies and subdivisions." Id. at 699-700.
We hold that, as an arm of state government, the Educational Facilities Authority is entitled to assert the doctrine of nullum tempus. As stated in Trustees, etc., Public Schools, 135 N.J. Eq. at 177, the doctrine of nullum tempus stands for the proposition that "a statute of limitation should not be construed to encircle the government unless it is manifest from the mischief to be reached, the express language employed or by necessary implication therefrom, that the government was in the contemplation of the legislature." We reaffirm that a statute of limitations is not applicable to the government unless included by express language or necessary implication. Veterans Loan Authority v. Wilk, 61 N.J. Super. 65, 70 (App.Div. 1960). The Supreme Court has stated, "[o]rdinarily the federal and state governments are immune from the operation of general statutes of limitations.... [h]owever, there would seem to be nothing to prevent the federal and state governments from forthrightly providing that claims by them or their governmental divisions shall be barred if not pursued within a stated period of time." Eureka Printing Co. v. Div., etc., Dept. of Labor and Industry, 21 N.J. 383, 387-88 (1956). See also State v. American-Hawaiian Steamship Co., 29 N.J. Super. 116, 138 (Ch. Div. 1953); Hyland v. Kirkman, 157 N.J. Super. 565, 581 (Ch.Div. 1978); Environmental Protect. Dep't v. Ventron Corp., 182 N.J. Super. 210, 226 (App.Div. 1981), aff'd as mod., 94 N.J. 473 (1983).
*325 We need not focus our analysis at this time on whether the doctrine should be applied to both governmental and proprietary functions as the controversy here clearly concerns a governmental function. See Rutgers v. Piluso, 60 N.J. 142, 153 (1972).
If a party dealing with the State desires the protection of the statute of limitations from claims by the State, the party may negotiate to obtain such protection. In that way the policy of the State to preserve public rights can be protected. We do not envision that our holding will cause injustice to parties doing business with the State or its governmental agencies. Prejudice to a party denied the benefit of the statute of limitations caused by the passage of time may be considered as a basis to provide relief where required in the interests of fairness. Skulski v. Nolan, 68 N.J. 179, 198 (1975); Christian Science Bd. of Directors v. Evans, 191 N.J. Super. 411, 425 (Ch.Div. 1983), aff'd in part, rev'd in part, 199 N.J. Super. 160 (App.Div. 1985), aff'd 105 N.J. 297 (1987); Dambro v. Union Cty. Pk. Comm., 130 N.J. Super. 450, 457 (Law Div. 1974).
REVERSED AND REMANDED.