239 N.J. Super. 554 (1990)
571 A.2d 1324
CONSTANCE HOLLOWAY, PLAINTIFF-RESPONDENT,
v.
STATE OF NEW JERSEY, DEFENDANT, THIRD-PARTY PLAINTIFF-APPELLANT,
v.
MUSKIN CORPORATION, MUSKIN, INC., KDI SYLVAN POOLS, INC. AND PELICAN SWIM AND SKI CENTER, INC., THIRD-PARTY DEFENDANTS, FOURTH-PARTY PLAINTIFFS-RESPONDENTS,
v.
SK PLASTICS CORP., FOURTH-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued November 28, 1989.
Decided March 16, 1990.
*557 Before Judges MICHELS, DEIGHAN and R.S. COHEN.
Benjamin Clarke, Deputy Attorney General, argued the cause for appellant (Peter N. Perretti, Jr., Attorney General, attorney; Michael R. Clancy, Assistant Attorney General, of counsel).
William T. Connell argued the cause for respondents Muskin Corporation and Muskin, Inc. (Dwyer, Connell & Lisbona, attorneys).
Keith G. Von Glahn argued the cause for respondent KDI Sylvan Pools, Inc. (Wilson, Elser, Moskowitz, Edelman & Dicker, attorneys).
James H. Knox argued the cause for respondent Pelican Swim and Ski Center, Inc. (Gebhardt & Kiefer, attorneys).
No appearance on behalf of respondent Constance Holloway.
The opinion of the court was delivered by R.S. COHEN, J.A.D.
Plaintiff was a prisoner at the Clinton Correctional Institution (Clinton). On July 9, 1981, she dove into an above-ground swimming pool at Clinton and suffered spinal injuries that rendered her quadriplegic. Alleging that her injuries were *558 caused by the State's negligence, she started this action against the State alone in September 1983.[1]
In September 1984 the State filed third-party claims for contribution and indemnification against the pool manufacturer and distributor. In September 1985 it added the retailer of a replacement pool liner, which in turn brought in the liner manufacturer. In November 1987, over six years after the accident, the State made a third-party claim against the liner manufacturer and also amended to charge all third-party defendants with strict product liability and to add, or clarify, as the State argues, a direct claim for medical costs which the State incurred in treating plaintiff for her injuries.
Weeks before a scheduled trial in the spring of 1989, the third-party defendants moved for summary judgment against the State's claims for contribution and indemnification. The motions were granted on the thesis that, since N.J.S.A. 59:9-2b bars suit against the State on product liability theories, the State in turn is barred from asserting claims for contribution and indemnification on those theories.
The State's application for leave to appeal was held pending pre-trial decision on other motions not yet heard in the Law Division. Those motions were then heard and the judge decided that the State's claim for reimbursement of medical expenses was not included in its 1985 third-party complaint, but only in its 1987 amendments, and was time-barred. The judge also ruled that if plaintiff's negligence does not exceed the State's,
the liability of third-party defendants on the State's claim for contribution will be determined as follows: if any third-party defendants' [sic] percentage of liability is less than the State's negligence, then the State cannot recover any contribution from that third-party defendant....
The State's complaint about that ruling is that under the comparative negligence provisions of N.J.S.A. 59:9-4 the State's *559 negligence is irrelevant: it is the negligence of plaintiff which is compared with each defendant's.
The judge made another ruling challenged by the State. It was that
in the event of reinstatement of the State's direct claim, the liability of third-party defendants under the State's direct claim will be determined as follows: if any third-party defendants' [sic] percentage of liability is less than the combined negligence of the plaintiff and/or the State, the State cannot recover, on its direct claim, against that third-party defendant....
About this ruling, the State complains that only the negligence of plaintiff should reduce its recovery. The State's application for leave to appeal was expanded to include the challenged rulings, and it was then granted. We will deal with the four issues presented for decision.

I.
We reverse the dismissal of the State's third-party claims entered on the thesis that the State cannot make such claims for strict products liability. N.J.S.A. 59:9-2b bars recovery against a public entity or employee for strict products liability. It affords no basis for barring such recovery in favor of a public entity. There is no reason why the law should be symmetrical in this regard. A defendant's third-party claim for contribution need not assert the same theory of liability on which plaintiff sued defendant. See McGlone v. Corbi, 59 N.J. 86, 279 A.2d 812 (1971). A defendant charged with negligence and a defendant charged with product liability can be joint tortfeasors. Cartel Capital Corp. v. Fireco of New Jersey, 81 N.J. 548, 410 A.2d 674 (1980). Ramos v. Browning Ferris Industries, 103 N.J. 177, 510 A.2d 1152 (1986) does not help. There, a worker sued for his injuries and defendant claimed contribution from plaintiff's employer. The claim was held barred by the Workers' Compensation Act's prohibition of employees' negligence suits against their employers. Here the third-party defendants would be subject to a products liability suit by plaintiff and may be sued on that theory by the State.
*560 Another argument is made. It is that the State can be held liable to plaintiff only if its conduct was "palpably unreasonable," N.J.S.A. 59:4-2; if the State's conduct was palpably unreasonable, then the State's use of the product was not objectively foreseeable and the products liability defendants could not be liable. We disagree. It is unclear whether plaintiff's case will target the dangerous condition of State property, failure to warn, or negligent supervision of prisoners' activities, or all of them. It is thus not necessarily so that the State can be held liable only if its conduct was palpably unreasonable. Secondly, "palpably unreasonable" does not necessarily mean "very" negligent, "grossly" negligent or "extraordinarily" negligent.[2] Thirdly, a products liability defendant may be held liable even in the event of product misuse, if the misuse was objectively foreseeable. Brown v. United States Stove Co., 98 N.J. 155, 166-167, 484 A.2d 1234 (1984). We cannot say that as a matter of law the State's conduct in this case was not foreseeable.

II.
We reverse the ruling that the State's claim for medical expenses was time-barred. It is the settled law of this State that the statute of limitations does not run against the State or its agencies and subdivisions. New Jersey Educ. Fac. Auth. v. The Conditioning Co., 237 N.J. Super. 310, 567 A.2d 1013 (App.Div. 1989), certif. granted ___ N.J. ___ (1990); State v. Scientific Coating Co., 228 N.J. Super. 320, 323, 549 A.2d 874 (App.Div. 1989); Port Authority of N.Y. and N.J. v. Bosco, 193 N.J. Super. 696, 699, 475 A.2d 676 (App.Div. 1984). This principle protects the taxpayers against the inattention of their public servants. It applies to tort actions by the State for contribution and indemnification, and for reimbursement for medical expenses for *561 an injured prisoner. Even though the reimbursement action arises out of an injury to a person whose own claim was time-barred at the time the State filed, the State's claim is independent and survives.
We do not decide whether the State's freedom from the statute of limitations is subject to a prejudice-to-defendant condition, as State v. Scientific Coating Co., supra, 228 N.J. Super. at 325, 549 A.2d 874, suggests it may be. If the condition exists it was satisfied here. The parties defending against the State's claim were all in the case by 1984 or 1985 in connection with the State's contribution and indemnification claims.[3] They were aware of the gravity of plaintiff's injuries and the resulting substantial exposure to judgment. The State's late claim did not prevent them from preparing to litigate the issue of liability and could not reasonably have induced them to rest easy on the assumption that plaintiff's significant claim for permanent injuries would not be accompanied by someone's significant claim for medical expenses.

III.
We affirm the ruling that determination of the State's contribution claim must include a comparison of the State's percentage of negligence with that of each of the third-party defendants. See N.J.S.A. 2A:15-5.3. Nothing in the Tort Claims Act suggests the contrary. In the contribution claim, the State is plaintiff and the companies it sued are defendants. The role of the injured plaintiff's negligence is to reduce the amount of any judgment against the State to which the State seeks contribution. See Lee's Hawaiian Islanders, Inc. v. *562 Safety First Prod., 195 N.J. Super. 493, 480 A.2d 927 (App.Div. 1984).

IV.
We affirm the ruling that the State's claim for medical expenses against a defendant may be reduced or defeated by a comparison of the State's and plaintiff's combined negligence with the negligence of defendant. We analogize to the situation of a parent's damage action. A parent has an obligation to pay for the medical care of the child. See Schroeder v. Perkel, 87 N.J. 53, 64, 432 A.2d 834 (1981). If the parent sues a tortfeasor for the cost of the care, the recovery can be reduced or defeated by the parent's negligence. See Maccia v. Tynes, 39 N.J. Super. 1, 120 A.2d 263 (App.Div. 1956); Bush v. Bush, 95 N.J. Super. 368, 380, 231 A.2d 245 (Law Div. 1967). (Both precomparative negligence). Under the Comparative Negligence Act, a per quod award is reduced by both the negligence of the injured spouse and of the spouse making the per quod claim. Tichenor v. Santillo, 218 N.J. Super. 165, 173-174, 527 A.2d 78 (App.Div. 1987). Even a parent's action for his own emotional harm is reduced by both the child's negligence and the parent's negligence. Portee v. Jaffe, 84 N.J. 88, 102, 417 A.2d 521 (1980).
The State has an absolute duty to provide for the medical care of its prisoners. St. Barnabas Medical Center v. Essex County, 111 N.J. 67, 74, 543 A.2d 34 (1988). It was in response to that obligation that it has paid for plaintiff's care. To the extent that the State itself was at fault in causing the need for the care, it should not recover from other tortfeasors. Similarly, those tortfeasors should not pay the State a greater portion of medical costs than they would have to pay if the negligent injured party retained her own claim for medical costs. The State's recovery, therefore, must be diminished or, perhaps, defeated by the total of its negligence and the negligence of the injured plaintiff.
*563 Affirmed in part, reversed in part, and remanded for further proceedings.
NOTES
[1] N.J.S.A. 59:5-3 barred prisoners' actions until after release. The bar was declared unconstitutional in Holman v. Hilton, 712 F.2d 854 (3 Cir.1983) and was repealed by L. 1988, c. 55, § 1.
[2] The matter was not settled in Kolitch v. Lindedahl, 100 N.J. 485, 493, 497 A.2d 183 (1985), and Williams v. Phillipsburg, 171 N.J. Super. 278, 286, 408 A.2d 827 (App.Div. 1979).
[3] The State argues that its 1984 and 1985 claims for indemnification included its claim for medical reimbursement. We disagree. The indemnification claim was conditioned on the State's being held liable to plaintiff. Its claim for medical reimbursement is not so limited.