294 N.J. Super. 18 (1996)
682 A.2d 272
JOANNE JACQUELINE CAMPBELL, PLAINTIFF,
v.
MICHAEL CAMPBELL, CITY OF PLAINFIELD, POLICE DEPARTMENT, CITY OF PLAINFIELD, RICHARD BERMAN, CHIEF OF POLICE, CITY OF PLAINFIELD, PATROLMEN ALFRED BERGNER AND RALPH SOTOMAYER, POLICE OFFICERS, CITY OF PLAINFIELD, DEFENDANTS.
Superior Court of New Jersey, Law Division (Civil) Union County.
Decided April 12, 1996.
*20 Anthony L. Mezzacca, for plaintiff (Anthony L. Mezzacca, P.C.).
Albert N. Stender (Stender & Hernandez, attorneys), Michael J. Mitzner (Mitzner & Pizzi, attorneys) and Kirk D. Rhodes, (Frost, Rhodes & Smith), for defendants.
MENZA, J.S.C.
The issue in this case is whether police officers are immune under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 59:10A-6, for failure to make an arrest under a domestic violence order.
The facts are these.
On June 3, 1990, the defendant-police officers responded to a complaint of an unwanted guest at the home of plaintiff, Joanne Campbell, in Plainfield, New Jersey. Upon arriving at the premises *21 the police officers discovered that the unwanted guest was defendant Michael Campbell, the estranged husband of plaintiff, who they instructed to leave. The police remained on the premises until Campbell left, after which they also left. A short time later Michael Campbell returned to the residence and shot plaintiff. A final restraining order against Michael Campbell, dated April 19, 1990, was in effect at the time. The order, which had been personally served upon Campbell, specifically prohibited him from "having contact with the victim [Joanne Campbell] or harassing [her] or [her] relatives." Plainfield police reports establish that the police department had notice of previous incidents of domestic violence at the subject residence involving plaintiff and Campbell.
Plaintiff brings this action against the Plainfield Police Department and the individual officers who responded to the call on the night of the shooting, alleging that the police officers were negligent in failing to arrest Michael Campbell, and that this negligence was the proximate cause of the plaintiff's being shot. Plaintiff argues that defendant-police officers had actual knowledge of the existence of the restraining order because she had informed them of the order when they responded to the complaint, and that therefore they had a duty, under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -33, to arrest Campbell for violating that restraining order. The defendants now move for summary judgment, contending that they were not negligent in the performance of their duties, because they were not told of the order and had no knowledge of same, and therefore had no basis for arresting Campbell. They also contend that even if they had notice they are immune under the Tort Claims Act.
The Prevention of Domestic Violence Act, N.J.S.A. 2C:25-29c provides that the court must send a notice of the issuance of a domestic violence restraining order to the police.
It states:

*22 Notice of orders issued pursuant to this section shall be sent by the clerk [of the court] or other person designated by the court to the appropriate chiefs of police, members of the State Police and any other appropriate law enforcement agency.
[Id.]
There is no dispute that the Plainfield Police Department did receive a copy of the domestic violence order prior to the incident.
Whether or not the police officers had actual knowledge of the restraining order is irrelevant. Inherent in the mandate of the statute that a restraining order must be sent to the police department is the proposition that the police are charged with knowledge of that order. To argue that there is no responsibility because there was no actual knowledge of the restraining order would vitiate the notice section of the statute, the purpose of which is to give notice to the police of domestic violence orders.
The defendants also argue however, that even if they are charged with having knowledge of the restraining order, they are nevertheless immune from liability under four separate provisions of the New Jersey Tort Claims Act.
Specifically, the defendants contend that:
(1) they are immune from suit from injuries arising out of the failure to provide police protection (N.J.S.A. 59:5-4);
(2) that they are immune from suit from injuries arising out of the failure to make an arrest (N.J.S.A. 59:5-5);
(3) that they are immune from suit because they acted in good faith in the execution or enforcement of the law (N.J.S.A. 59:3-3);
(4) that they are immune from suit because their response to the call was a discretionary rather than a ministerial act (N.J.S.A. 59:3-2).

I. Failure to Provide Police Service
The defendants first assert that N.J.S.A. 59:5-4, failure to provide police protection, provides them with absolute immunity. It provides:
Neither a public entity nor a public employee is liable for failure to provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection service.
*23 The Appellate Division interpreted the meaning of this provision in Suarez v. Dosky, 171 N.J. Super. 1, 407 A.2d 1237 (1979), a case involving a claim of negligence against two state troopers in connection with an automobile accident. In response to the troopers assertion of immunity under N.J.S.A. 59:5-4, the court held that the state troopers were not entitled to immunity because the statute was intended to insulate state and local governments from liability for their policy decisions regarding whether or not to provide certain police services, not to immunize them from the consequences of their negligent actions. It wrote:
We conclude, therefore, that N.J.S.A. 59:5-4 precludes suits against municipalities and their responsible officers based upon contentions that damage occurred from the absence of a police force or from the presence of an inadequate one ... Although a police officer may not be liable for failing to respond, if he does respond he will be subject to liability for negligence in the performance of his ministerial duties. N.J.S.A. 59:5-4 does not insulate police officers from unfortunate results of their negligently executed ministerial duties. (citations omitted).
[Id. at 9-10.]
The instant case is not one involving governmental failure to provide police protection. It is a claim for negligence against individual police officers. The immunity afforded by the N.J.S.A. 59:5-4 is therefore inapplicable.

II. Ministerial Act
The defendants next argue that they are immune under N.J.S.A. 59:3-2(a) because they were performing a discretionary act when they responded to the call. They are incorrect.
The statute provides:
A public employee is not liable for an injury resulting from the exercise of judgment or discretion vested in him.
[Id.]
In the instant case the police officers, having been charged with the contents of the domestic violence order that Michael Campbell was prohibited from having any contact with the plaintiff or harassing her in any way, were mandated under the Prevention of *24 Domestic Violence Act to arrest Michael Campbell. The statute provides:
Where a law enforcement officer finds that there is probable cause that a defendant has committed contempt of an Order entered pursuant to the provisions of ...., 2C:25-1 et seq. ... the defendant shall be arrested and taken into custody by a law enforcement officer.

[N.J.S.A. 2C:25-31. (emphasis added).]
The statute allows no discretion. The duty imposed on the police officer is ministerial and is therefore not subject to the immunity of N.J.S.A. 59:3-2(a).
Even if the arrest could be characterized as one involving discretion, it is clear that this immunity provision only applies to the exercise of discretion at higher levels. In Tice v. Cramer, 133 N.J. 347, 627 A.2d 1090 (1993) the court held that an officer's conduct in pursuing a suspect at high speed was not a discretionary act. The court, citing Costa v. Josey, 83 N.J. 49, 415 A.2d 337 (1980), noted that immunity for discretionary acts is limited to "discretion exercised at the highest levels of government in matters of policy or planning." Id. 133 N.J. at 366, 627 A.2d 1090.

III. Failure to Arrest
The next asserted source of immunity, N.J.S.A. 59:5-5, relates to the failure of the police officers to arrest Campbell.
The statute provides:
Neither a public entity nor a public employee is liable for injury caused by the failure to make an arrest or by the failure to retain an arrested person in custody.
[Id.]
There are two reasons why this immunity does not apply. First, the immunity statute appears to be in direct conflict with N.J.S.A. 2C:25-31, which requires a police officer to make an arrest when there is probable cause to believe that there is a violation of a domestic violence order. The Legislature has made it clear that a police officer must enforce a domestic violence order and all other laws which protect domestic violence victims.
The statute provides:

*25 It is the intent of the Legislature to stress that the primary duty of a law enforcement officer when responding to a domestic violence call is to enforce the laws allegedly violated and to protect the victim.
[N.J.S.A. 2C:25-18.]
This mandate compels this court to conclude that this immunity is inapplicable to domestic violence matters.
A second reason why this immunity for failure to make an arrest is inapplicable is that the restraining order established a "special relationship" between the Plainfield Police and plaintiff, which creates an exception to the immunity statute. The court explained the special relationship exception in Lee v. Doe, 232 N.J. Super. 569, 557 A.2d 1045 (App.Div. 1989). In Lee the court held that the immunity provided by N.J.S.A. 59:5-5 was inapplicable to police officers who failed to make an arrest because a special relationship had been created between the police and the plaintiff which compelled the officers to make an arrest. In so holding, the court explained that the New Jersey Tort Claims Act is patterned after the California statute, which has adopted and applied the "special relationship" test as an exception to immunity afforded to police officers for failing to make an arrest.
The court wrote:
California's reported cases basically hold that section 845 [the counterpart to N.J.S.A. 59:5-4] affords immunity to the police even where they unreasonably perform their duties, provided the police did not engage in conduct which gives rise to a special relationship with the victim, such as if the police officer caused the victim to rely on him for protection or the police officer otherwise increased the risk of injury to the victim.
[Id. at 579.]
The California parallel provision to New Jersey's N.J.S.A. 59:5-5 is [section 846].... The California case law applying section 846 to municipal tort claims appears to utilize the same approach and special relationship test employed under section 845.
[Id. at 580-581.]
In sum, the California law, based on its Tort Claims Act, provides that, except where there exists some special relationship created by the police for the purposes of protecting an individual, the police and their employing government entity will be immune from liability for injuries stemming from negligent conduct or inaction by a police officer. Id.

[Id. at 581.]
*26 The appellate division concluded:
California's interpretation of the law appears to be in harmony with the purpose underlying the New Jersey Act. In any event, we believe that proper interpretation of N.J.S.A. 59:5-5 requires the grant of immunity from liability here. Even under the plaintiff's version of the facts there existed no special relationships between plaintiff and the Camden police officers. The officers neither increased plaintiff's risk of harm nor indicated that they intended to look out for him, thereby inducing reliance upon their protection.
[Id. at 581.]
The California cases define a special relationship to be one that is created when the police assume a protective duty toward the plaintiff, either through a promise or by conduct, thereby inducing the plaintiff's reliance on their protection. See e.g. Williams v. State, 34 Cal.3d 18, 192 Cal. Rptr. 233, 236, 664 P.2d 137, 140 (1983).
In this case the plaintiff argues that the domestic violence order has established a "special relationship" between her and the Plainfield police and that therefore the statute does not provide immunity. Specifically, she argues that she had a right to rely on the domestic violence order as protection against Campbell. The basis for her reliance, she argues, is the order itself, the duty to arrest for a violation of that order which is codified in the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-31, and the Plainfield Police Department's own policy guidelines on domestic violence.
That guideline states:
A law enforcement officer must arrest the actor:
2) when the enforcement office has probable cause to believe that a person has violated the terms of an order issued by any court pursuant to the appropriate section of N.J.S.A. 2C:25-1 et seq.

This court finds that by virtue of the court order, the police, as the officers charged with its enforcement, promised to protect the plaintiff and that that promise created a special relationship between the plaintiff and the police officers which exempts it from the immunity statute.

*27 IV. Enforcement of the Law

The defendants assert finally, that the statute immunizes them because they acted in good faith.
N.J.S.A. 59:3-3 provides:
A public employee is not liable if he acts in good faith in the execution or enforcement of any law.
In Bombace v. City of Newark, 125 N.J. 361, 593 A.2d 335 (1991), the Court held that N.J.S.A. 59:3-3 did not afford immunity to the city for failure to prosecute certain building code violations in the municipal court. It went on to say that N.J.S.A. 59:3-5, rather than 59:3-3, provided the appropriate source of immunity for the defendants' failure to act. The court explained the difference in the application of the two sections as follows:
... [t]he absolute immunity of section 3-5 applies to non-action or the failure to act in connection with the enforcement of the law, and the qualified immunity of section 3-3 applies to acts constituting enforcement of the law. Id. at 368, 593 A.2d 335.
In this case, as in Bombace, the gravamen of the plaintiff's complaint is that the police officers failed to act, that is, that they failed to arrest Campbell for violating the restraining order. Therefore, immunity would be provided, if at all, by N.J.S.A. 59:3-5.
N.J.S.A. 59:3-5 states:
A public employee is not liable for an injury caused by his adoption of or failure to adopt any law or by his failure to enforce any law.
This section, at first blush, appears to afford immunity. But there is an exception to this statute where there are special circumstances. These special circumstances are "defined as those involving emergent high risk perils to the public of which the governmental entity has actual or constructive notice." Cadmus v. Long Branch Bd. of Ed., 155 N.J. Super. 42, 49, 382 A.2d 98 (Law Div. 1977) (holding that the school board was immune from liability because it had no actual or constructive knowledge of the dangerous condition which caused the plaintiff's injuries). See also Weuthrich v. Delia, 134 N.J. Super. 400, 341 A.2d 365 (Law Div. 1975) (holding that police were not immune for failure to *28 respond to a complaint because the police were aware that the assailant had threatened to kill someone); Bergen v. Koppenal, 52 N.J. 478, 246 A.2d 442 (1968) (holding that the police were not immune for failing to direct traffic after they had learned that a directional signal was misdirecting traffic).
This court has already determined that the police had constructive notice, and perhaps actual knowledge, of the existence of a restraining order, and that they were aware that incidents of domestic violence involving Campbell had occurred at the residence on prior occasions. A domestic violence restraining order is the end product of a finding of the court that domestic violence, which encompasses a host of serious crimes has taken place. See N.J.S.A. 2C:25-19. The restraining order itself, along with the officers' actual or constructive knowledge of the order, the history of prior incidents of domestic violence, and plaintiff's objections to presence of the defendant at the premises demonstrate that a high risk situation was presented, which required the police officers to enforce the arrest provision of the Prevention of Domestic Violence Act.
N.J.S.A. 59:3-5 is therefore inapplicable.