

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2002

# Penny v. Wildwood Crest

Precedential or Non-Precedential:

Docket 0-2800

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

## Recommended Citation

"Penny v. Wildwood Crest" (2002). *2002 Decisions.* Paper 83.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/83

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 00-2800
_____

THEADORA PENNY, JAMES M. PENNY, JR.,

Appellants

v.

BOROUGH OF WILDWOOD CREST; CITY OF WILDWOOD;
CITY OF WILDWOOD WATER DEPARTMENT; JOHN
DOES 1-5
_____

Appeal from the United States District Court
For the District of New Jersey
D.C. No.: 99-cv-3383
District Judge: Honorable Joseph E. Irenas
_____

Submitted Under Third Circuit LAR 34.1(a) January 18, 2002

Before: SCIRICA, ROSENN, Circuit Judges, and KANE, District Judge.

(Filed: January 31, 2002)

Gregory D. Saputelli, Esq.
Kimberly D. Sutton, Esq.
Obermayer, Rebmann, Maxwell & Hippel, LLP
20 Brace Road
Suite 300
Cherry Hill, NJ 08034
     Counsel for Appellants

Jeffrey P. Barnes, Esq.
Mary D'Arcy Bittner, Esq.
L. Patricia Sampoli, Esq.
Youngblood, Corcoran, Lafferty, Stackhouse,
     Hyberg & Gormley, P.A.
3205 Fire Road, P.O. Box 850
Pleasantville, NJ 08232
     Counsel for Appellee Borough of Wildwood Crest

Kevin M. Stankowitz, Esq.
Judson B. Barrett, Esq.
Widman, Cooney, Barrett & Pavluk
1803 Highway 35
Oakhurst, NJ 07755
     Counsel for Appellee City of Wildwood and

City of Wildwood Water Department


_____

MEMORANDUM OPINION

_____


ROSENN, Circuit Judge.

This diversity action primarily against two municipalities implicates the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 12-3 (Act). Because the facts are known to the parties, we refer to them briefly.

In August 1997, Theodora Penny (Theodora) was vacationing in the Borough of Wildwood Crest, New Jersey. As she attempted to cross Sweet Briar Road at the corner of New Jersey Avenue, she claims that she fell because of a declivity in the surface of the crosswalk. The crosswalk is nothing more than an area marked for purposes of walking across the road by painted stripes. The depressed area of the crosswalk was part of a street patch that measured approximately six feet six inches in length and five feet two inches in width, of which approximately one foot by five feet protruded into the crosswalk. Within this protrusion, the declivity in the crosswalk measured approximately one inch to one and five-eighth inches. Mrs. Penny sustained multiple fractures to her left wrist that required the insertion of a metal plate and screws.

Mrs. Penny and her husband, James M. Penny, Jr., filed an action under 28 U.S.C. 1332 (diversity jurisdiction) in the United States District Court for the District Court of New Jersey against the Borough of Wildwood Crest (Borough), the City of Wildwood and the City of Wildwood Water Department (City). The Borough and the City separately moved for summary judgment, contending that the plaintiffs have failed to satisfy the statutory requirements that the defendants' conduct was "palpably unreasonable." The District Court agreed and concluded that "it was not palpably unreasonable for the Defendants to fail to inspect, detect, or repair the 'depression' at issue." The plaintiffs timely appealed. We affirm.

Our review of the District Court's grant of summary judgment is plenary.

Mathews v. Lancaster Gen. Hosp., 87 F.3d 624, 632 (3d Cir. 1996).  Summary judgment is proper if after considering "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . there is no genuine issue as to any material fact and . . .  the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In conducting that review, the nonmoving party is entitled to all reasonable inferences and the record is construed in the light most favorable to that party. Pollock v. American Tel. & Tel. Long Lines, 794 F.2d 860, 864 (1986).

An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  As such, summary judgment against a party who bears the burden of proof at trial, as do the plaintiffs here, is proper if "after adequate time for discovery and upon motion, . . . a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Under such circumstances, there can be no genuine issue as to any material fact, where "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.  Therefore, the moving party is entitled to a judgment as a matter of law when the nonmoving party has failed to make a sufficient showing on an essential element of the case with respect to which he or she has the burden of proof.  Id.

The New Jersey Supreme Court in Willis v. Department of Conservation & Economic Development, 264 A.2d 34 (1970) abrogated the sovereign tort immunity existing at common law.  In response, the New Jersey Legislature enacted the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 12-3, reestablishing sovereign immunity and carefully delineating narrow exceptions to the general rule of immunity. Vincitore v. New Jersey Sports & Exposition Auth., 777 A.2d 9, 12 (N.J. 2001).  One of those exceptions is N.J.S.A. 59:4-2.  Most recently, the New Jersey Supreme Court summarized the elements of a claim under N.J.S.A. 59:4-2 as follows:

[I]n order to impose liability on a public entity pursuant to that section, a plaintiff
must establish [1] the existence of a "dangerous condition," [2] that the condition
proximately caused the injury, [3] that it "created a reasonably foreseeable risk of
the kind of injury which was incurred," [4] that either the dangerous condition was
caused by a negligent employee or the entity knew about the condition, and [5]
that the entity's conduct was "palpably unreasonable."

Id. (emphasis added).

Although "palpably unreasonable" is not defined in the Act, the New Jersey
Supreme Court has interpreted the phrase to mean something more than mere negligence.
Kolitch v. Lindedahl, 497 A.2d 183, 187 (N.J. 1985) ("We have no doubt that the duty of
ordinary care, the breach of which is termed negligence, differs in degree from the duty to
refrain from palpably unreasonable conduct. The latter standard implies a more obvious
and manifest breach of duty and imposes a more onerous burden on the plaintiff.")
(quoting Williams v. Phillipsburg, 408 A.2d 827 (App. Div. 1979); Pico v. New Jersey,
560 A.2d 1193, 1997 (N.J. 1989) (stating that claim under N.J.S.A. 59:4-2 is evaluated
under standard of palpably unreasonable conduct and not by standard of ordinary
negligence). Also, the Kolitch court stated that "palpably unreasonable" involves
behavior that is "patently unacceptable under any given circumstances" and involves
action or inaction that is so unreasonable that "it must be manifest and obvious that no
prudent person would approve." Kolitch, 497 A.2d at 187 (citation omitted).

Initially, the plaintiffs complain that the "District Court decided that it should play
the role of the prudent person" and thereby, impermissibly took the issue of palpably
unreasonable conduct from the jury. We do not agree. Although the New Jersey
Supreme Court has stated that the question of palpably unreasonable conduct is a question
of fact, it has also recognized that "like any other fact question before a jury, [such
determination] is subject to the court's assessment whether it can reasonably be made
under the evidence presented." Vincitore, 777 A.2d at 12, 16 (citation omitted).

Likewise, Justice Stein in his concurrence in Garrison v. Township of Middletown, 712 A.2d 1101, 1116 (N.J. 1998) acknowledged that "[a]lthough the question of palpable unreasonableness is generally one for the jury, it may be decided by the court as a matter of law in appropriate cases."  That is what the District Court did in this instance.

The plaintiffs simply have not offered any admissible evidence that would enable a reasonable jury to find that "the action the entity took to protect against the condition or the failure to take such action was . . . palpably unreasonable."  N.J.S.A. 59:4-2.  The plaintiffs contend that the Borough could have avoided the depression from being part of the crosswalk by painting the western crosswalk one and one-half feet to the east.  The failure to do so, they argue, amounts to patently unreasonable behavior to protect the public from a dangerous condition.  As to the City of Wildwood, plaintiffs submit that the City's failure to properly train its employees and leaving them unsupervised when they performed an excavation was palpably unreasonable conduct to protect against a dangerous condition.  We do not agree.

In Garrison, the plaintiff had argued that a failure to repair a one inch to one and half inch declivity in the surface of a parking lot next to a transit station was palpably unreasonable.  Justice Stein in his concurrence pointed out that such minor declivity "must necessarily be viewed as a maintenance item of low priority" and in the absence of other evidence in the record of prior complaints or prior injuries, there is "insufficient evidence to permit a rational factfinder to conclude that the . . . failure to correct the surface declivity in the parking lot was palpably unreasonable."  Garrison 712 A.2d at 1116.

Here, the plaintiffs have not adduced any evidence of any prior complaints or accidents.  The plaintiffs contend that the crosswalk could have been designed to exclude the irregular surface from its pathway or that the City failed to properly train or supervise its employees to avoid creating depressions in areas they excavate.  However, no reasonable jury could find that a failure to repair such surface declivity having a depth of one inch to one and five-eighth inches amounts to anything more than ordinary

negligence.  To put it differently, based on the current evidence, the District Court did not err in concluding that the failure of the Borough or the City to protect against the irregular paving was not "patently unacceptable under any given circumstances" and did not involve action or inaction that was so unreasonable that "it must be manifest and obvious that no prudent person would approve of its course of action or inaction."

In light of our ultimate disposition here, we need not consider whether the District Court erred in concluding that the plaintiffs had failed to adduce sufficient evidence to show that the Borough had notice of the dangerous condition, or its finding with respect to the City that the plaintiffs had failed to show that the depression in the crosswalk was a dangerous condition.  Nor do we discuss the plethora of alternative grounds of affirmance that the Borough and the City advance in their briefs.

The judgments of the District Court will be affirmed.  Costs taxed against the appellants.

TO THE CLERK:

Please file the foregoing opinion.


/s/Max Rosenn

                                    Circuit Judge