Carmela A. **HOEFLER**; Robert Hoefler, her husband, Appellants,

v.

**UNITED STATES of America.**

No. 03–4890.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 25, 2005.

Decided Feb. 3, 2005.

Sahbra S. Jacobs, Brotman, Graziano & Hubert, Hamilton, NJ, for Appellants.

Dorothy J. Donnelly, Office of United States Attorney, Trenton, NJ, Susan C. Cassell, Susan J. Steele, Office of United States Attorney, Newark, NJ, for Appellee.

Before SCIRICA, Chief Judge, RENDELL and FISHER, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Carmela and Robert Hoefler appeal the dismissal of their claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.[1] Because we conclude that the District Court did not apply the correct standard under the FTCA, we will reverse the judgment and remand this matter to the District Court.

The District Court had jurisdiction over this action pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291, and review de novo a district court's dismissal of claims under both Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 56. D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1367 (3d Cir.1992) (motion to dismiss); Ab-

bott v. Latshaw, 164 F.3d 141, 145 (3d Cir.1998) (summary judgment).

Carmela Hoefler and her husband initiated this action against the United States after Mrs. Hoefler fell on the landing at the top of the stairs leading to the entrance of the United States Post Office located in Palmer Square, Princeton, New Jersey. She alleged that one of the slabs used to create the flat surface of the landing protruded and created a dangerous condition which caused her to fall.

Under the FTCA, a district court must determine whether the United States is subject to tort liability by applying the law of the state where the act or omission occurred. See 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."). Here, although the District Court stated that traditional negligence principles under New Jersey law applied to Mrs. Hoefler's slip-and-fall action, it concluded that there could be no liability as a matter of law based on the heightened standard of negligence under the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:4–1 et seq. The NJTCA imposes no liability on a public entity for failure to take protective action against a dangerous condition so long as such inaction was not "palpably unreasonable." Pico v. State, 116 N.J. 55, 560 A.2d 1193, 1197 (1989). New Jersey state courts have stressed the distinction between these standards: "We have no doubt that the duty of ordinary care, the breach of which is termed negligence, differs in degree from the duty to refrain from palpably unreasonable conduct. The latter standard implies a more obvious and

---

1. Carmela Hoefler appeals the District Court's grant of summary judgment to the Unites States under Federal Rule of Civil Pro-

cedure 56; Robert Hoefler appeals the dismissal of his claims pursuant to Rule 12(b)(1).

manifest breach of duty and imposes a more onerous burden on the plaintiff." *Williams v. Phillipsburg,* 171 N.J.Super. 278, 408 A.2d 827, 831 (App.Div.1979).

Only where there exists no common law private analog for a claim alleged under the FTCA should a district court look to the standards of care applicable to government employers under state law. *See Hines v. United States,* 60 F.3d 1442, 1448 (9th Cir.1995) ("Under the FTCA, the United States may be liable for the performance of some activities that private persons do not perform. [Under such circumstances,] the proper examination is whether state or municipal entities would be subject to liability."). The government conduct at issue here is maintenance of the post office steps; certainly, private persons run commercial enterprises that endure pedestrian traffic on a daily basis, and so there exists a private analog, and there is no need to resort to the imposition of the standards adopted by state and municipal entities under the NJTCA. Ordinary negligence applies.

Because the District Court's conclusion rests on statutory standards inappropriate for consideration, we will REVERSE the District Court's grant of summary judgment to Defendant–Appellee the United States, and REMAND this matter to the District Court for further proceedings consistent with this opinion.