247 N.J. Super. 471 (1991)
589 A.2d 671
NEW JERSEY HIGHER EDUCATION ASSISTANCE AUTHORITY, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
ARTHUR CARLOCK, DEFENDANT.
Superior Court of New Jersey, Law Division Union County.
Decided February 8, 1991.
*472 John K. Kot, for plaintiff (Waters, McPherson, McNeill, attorneys).
Edward G. Engelhart, for defendant (Sommer & Engelhart, attorneys).
IRONSON, J.S.C.
This matter comes before the court on cross-motions for summary judgment and presents issues of first impression since there is no New Jersey case law directly on point. The issues are whether the plaintiff, New Jersey Higher Education Assistance Authority ("NJHEAA") is barred from recovering an outstanding student loan that became due in 1982, because of the bar of the statute of limitations and the doctrines of laches and estoppel.
On August 24, 1977, the defendant Arthur Carlock submitted a student loan application for $9,500 which was approved by Hudson City Savings Bank ("Bank") and guaranteed by the plaintiff. The defendant made an undisclosed number of payments to the Bank prior to the transfer of the loan to plaintiff, which occurred in January 1982, when the loan became due, but refused to make additional payments after the assignment.
On August 16, 1983 plaintiff initiated suit against defendant to recover the principal and interest ($10,953.03). That action was dismissed without prejudice in March 1984 for want of prosecution. Plaintiff thereafter moved in July 1984 to reinstate the complaint at which time it was restored. Apparently it was once again dismissed which resulted in the filing of the present action in September 1989. Plaintiff now seeks to *473 recover the principal sum of $9,709.63 together with interest of $5,290.24 for a total of $14,999.87 plus continuing interest, costs and attorney's fees.
The first issue presented is whether the plaintiff is barred from recovery by virtue of the statute of limitations.
Pursuant to N.J.S.A. 2A:14-1 actions for recovery in a contract claim must be commenced within six years. It is well-settled, however, that "in the State of New Jersey ... the Statute of Limitations does not run against the State or any of its agencies and subdivisions." Port Authority of N.Y. & N.J. v. Bosco, 193 N.J. Super. 696, 699, 475 A.2d 676 (App.Div. 1984).
The defendant concedes that the statute is not applicable to the State or government agencies but argues that it is irrelevant. The loan was through Hudson City Savings Bank, thus, defendant argues that the plaintiff obtained its rights by assignment, and therefore the plaintiff, as the assignee may only obtain the same rights as the assignor bank. Since the statute of limitations would apply to the Bank, it is argued, it should also apply to the plaintiff as the assignee. The assignment clause provides:
For value received, the Hudson City Savings Bank hereby assigns (illegible) all right, title and interest arising from this sale to the New Jersey Higher Education Assistance Authority without recourse or warranty. (Defendant's Ex. A)
The original loan application was a standard form prepared by the NJHEAA. The Promissory Note was also prepared by the NJHEAA which indicated that the loan was guaranteed by the NJHEAA. The NJHEAA and the funding which it utilizes in providing student loans were created by statute, N.J.S.A. 18A:72-1, et seq.
The authority to make loans and the guidelines are set forth as follows:

N.J.S.A. 18A:72-9. Those authorized to make loans
The authority, or any financial or credit institution (including an insurance company) which is subject to the examination and supervision of the Department of Banking or the Department of Insurance of this State or by an agency *474 of the United States, any Federal credit union, and any national bank organized under the acts of Congress of the United States and doing business in this State and any Federal savings and loan association having its principal office in New Jersey or any eligible educational institution located in New Jersey and having its principal office in New Jersey, and approved as a lender by the authority, may make loans under this chapter pursuant to such rules not inconsistent with this chapter and by the use of such forms, as the authority shall prescribe.
Any approved bank making student loans must do so pursuant to the guidelines of the statute. A loan must be approved not only by the lender, but by the NJHEAA as well. See N.J.S.A. 18A:72-12.
When the defendant defaulted on the loan, the plaintiff purchased the note from the Bank as required by the following statute:

N.J.S.A. 18A:72-16. Purchase of notes; participation
(1) Whenever any approved note, including notes held by the authority in the higher education assistance fund, shall be in default for 30 days after the date of maturity thereof, or whenever any installment thereon is more than 120 days in arrears for loans on monthly installment payments and 180 days in arrears for loans with less frequent payments, or upon the death or total and permanent disability of the borrower, the authority shall, upon the demand of a lender, purchase such note by paying to the lender or by transferring to the higher education assistance fund out of the loan reserve fund hereinafter in this chapter created, the total amount of principal and interest then due and owing on said note, as herein provided.
The defendant argues that this duty to accept notes that are due in default creates an assignment. "Under general principles of law of assignment, the assignee succeeds to all the rights of his assignor." A.J. Armstrong Inc. v. Janburt Embroidery Corp., 97 N.J. Super. 246, 256, 234 A.2d 737 (Law Div. 1967). Thus, the defendant argues that the assignee's (plaintiff's) rights are neither lesser nor greater than the assignors (the Bank).
In opposition the plaintiff points to the case of Veterans Loan Authority v. Wilk, 61 N.J. Super. 65, 160 A.2d 138 (App.Div. 1960). In that case the defendant, a veteran, obtained a loan given by the Rutherford National Bank. The defendant defaulted on the note and the plaintiff purchased the note pursuant to the statutory scheme set forth in the Veterans *475 Loan Act. The plaintiff purchased the note from the bank on July 2, 1947, but took no action until August 1954. That action was dismissed for lack of prosecution in 1956. The plaintiff instituted another action in 1959 which was the subject of that case.
The defendant argued that the action was barred by the statute of limitations. In rejecting that argument the court stated:
... [in] the present case the note was assigned to the Loan Authority long before the statute had run. Moreover, the ultimate contingency of the State's subrogated right in the note was inherent in the nature of the statutory scheme and the matured interest of the State was of a public rather than proprietary character, emanating from the legislative motivation to assist war veterans in rehabilitating themselves upon return to civilian pursuits. Nothing in the statute requires an implication of legislative forbearance of the State's presumptive immunity from the statute of limitations. See also Am.Jur., Statute of Limitations, Sec. 395, p. 308; Sec. 399, pp. 313-4. Id. at 70-71, 160 A.2d 138. (Emphasis added).
The same rationale should be applied in the present case. The note at issue was assigned to the plaintiff on January 5, 1982, well within the statute of limitations. As with the Veterans Loan Act, the Higher Education Assistance Authority Act ("HEAA") was motivated by the public interest in assisting people to obtain higher education.
There is nothing in the statutory scheme of the HEAA which would deprive the plaintiff of its presumptive immunity from the statute of limitations. The note was assumed by the plaintiff because of the obligation imposed upon it by statute. Such a provision encourages lenders to make such loans by protecting the lender in case of default.
As stated in Hyland v. Kirkman, 157 N.J. Super. 565, 581, 385 A.2d 284 (Ch.Div. 1978) the statute of limitations is not applicable to the State where the Legislature has not so provided. Had the Legislature intended the State to be bound by the six year statute of limitations in collecting on a student loan, it would have been expressly provided in the Act.
*476 Although the defendant makes a novel argument with the assignment issue, this was not an assignment in the usual sense of the word because the plaintiff was under a statutory duty to purchase the loan once the defendant defaulted.
The second issue presented is whether the plaintiff is barred from recovery by virtue of the doctrines of laches and estoppel.
The defendant argues that the various filings and reinstatements of the complaint are prejudicial and inexcusable. The defendant does not indicate in what way he was prejudiced, merely that the repeated attempts to collect on the note were "inexcusable."
In Suburban Golf Club v. State Highway, 92 N.J. Super. 125, 140, 222 A.2d 301 (Law Div. 1966), the Court held that generally:
... the doctrines of laches and equitable estoppel are not applied against the state to the same extent as against private parties. Otherwise the State might be rendered helpless to assert its powers in government.
Similarly, the court in O'Malley v. Department of Energy, 212 N.J. Super. 114, 123, 514 A.2d 69 (App.Div. 1986) held that "estoppel against a public body is not favored" and is only applied with "considerable soul-searching" based on the circumstances of the particular case. Estoppel may be invoked against public bodies only to prevent "manifest wrong and injustice" and where it would not "hinder or prejudice essential governmental functions." Garcia v. Snedeker, 199 N.J. Super. 254, 264, 489 A.2d 175 (App.Div. 1985).
Although there have been filings, dismissals and a reinstatement dating back to August 1983, the plaintiff has never ceased to pursue a cause of action against the defendant. The defendant has not demonstrated that the facts of this case rise to the level of manifest wrong or injustice to warrant the application of either doctrine against the State. Accordingly for the above stated reasons plaintiff's motion for summary judgment is *477 granted and defendant's motion for summary judgment is denied.