269 N.J. Super. 142 (1993)
634 A.2d 1053
RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
THE GRAD PARTNERSHIP, F/K/A FRANK GRAD & SONS, DAMES & MOORE, AND FRANK LEHR ASSOCIATES, DEFENDANTS-RESPONDENTS, AND CARL BUHR, INC., RICHARDSON ENGINEERING CO., ABC CORPORATIONS 1-50 AND JOHN DOES 1-50, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 8, 1993.
Decided December 14, 1993.
*144 Before Judges BAIME, CONLEY and VILLANUEVA.
Lowenstein, Sandler, Kohl, Fisher & Boylan, attorneys for appellant (Richard F. Ricci and Stephen R. Buckingham, on the brief).
Smith, Mullin & Kiernan, attorneys for respondent The Grad Partnership (Jon W. Green, of counsel and on the brief).
Bressler, Amery & Ross, attorneys for respondent Dames & Moore (J. Michael Riordan, Kevin M. Kilcommons, and Eric J. Nemeth, on the brief).
Respondent Frank Lehr Associates did not file a brief.
The opinion of the court was delivered by CONLEY, J.A.D.
This appeal causes us to consider whether the ancient, and now almost dead, doctrine of "nullum tempus occurrit regi" (no time runs against the sovereign) bars defendants' reliance upon N.J.S.A. 2A:14-1.1. The trial judge concluded that the doctrine applied only to statutes of limitations, that N.J.S.A. 2A:14-1.1 was something different (a statute of repose), and that, in any event, nullum tempus occurrit regi (nullum tempus) is no longer favored. As to the latter, he is correct. See N.J. Educ. Facilities Auth. v. Gruzen, 125 N.J. 66, 75, 592 A.2d 559 (1991); Holloway v. State, 125 N.J. 386, 398, 593 A.2d 716 (1991). See also Devins v. Bogota, 124 N.J. 570, 579, 592 A.2d 199 (1991). Compare N.J.S.A. 2A:14-1.2 (as of January 1, 1992, actions by the State must be *145 commenced within ten years of accrual of the cause of action).[1] We disagree, however, that the doctrine was not applicable to Rutgers at the time it filed its complaint and hold that it precludes defendants' reliance upon N.J.S.A. 2A:14-1.1.
In 1962, Rutgers hired defendant Grad to design its Engineering Building "C" at its New Brunswick facility. Grad's responsibilities included designing an underground piping system to be used for discharging chemicals from the engineering building into an on-site acid neutralization pond. Defendants D & M and Lehr acted as soil engineers for the installation of the piping system and participated in the system's design and installation. The system was installed in early 1963.
During renovations to the "C" Wing in 1987, Rutgers discovered that glass drainage pipes under the basement floor were cracked and that chemicals were being discharged into the lands and waters of the State, resulting in soil and groundwater contamination. The New Jersey Department of Environmental Protection and Energy required Rutgers to dispose of the contaminated soil and to install groundwater monitoring wells.
Rutgers ultimately learned that the glass piping was inappropriate for its intended purpose, that the soil in which the pipe was laid was improperly compacted, and that the piping system had been improperly designed and installed. It accordingly brought this suit, sounding in both contract and tort, against defendants on December 26, 1991 which the trial court then dismissed upon defendants' motion pursuant to N.J.S.A. 2A:14-1.1.
That statute provides:
No action whether in contract, in tort, or otherwise to recover damages for any deficiency in the design, planning, supervision or construction of an improvement to real property, or for any injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution *146 or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction. This limitation shall not apply to any person in actual possession and control as owner, tenant, or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought.
Unless nullum tempus applies, it is undisputed that Rutgers' complaint would be barred by this ten-year time period.
Nullum tempus means that time does not run against the State or any of its agencies or subdivision. Port Auth. of N.Y. & N.J. v. Bosco, 193 N.J. Super. 696, 699, 475 A.2d 676 (App.Div. 1984). Fashioned at common law, N.J. Educ. Facilities v. Gruzen, 125 N.J. at 74, 592 A.2d 559, nullum tempus literally means "time does not run against the king," Devins v. Bogota, 124 N.J. at 575, 592 A.2d 199, and takes its life from the ancient rationale that "the king established his own rules for litigation," id. at 576, 592 A.2d 199, and that "the king was too busy protecting the interests of his people to keep track of his lands and to bring suits to protect them in a timely fashion." Ibid. Absent inclusion either expressly or by implication of the State in a statute of limitations, nullum tempus operates so that such a statute, "should not be read to affect adversely the State's rights[.]" Ibid. See Livingston Bd. of Educ. v. U.S. Gypsum Co., 249 N.J. Super. 498, 505, 592 A.2d 653 (App.Div. 1991); N.J. Educ. Facilities Auth. v. Conditioning Co., 237 N.J. Super. 310, 319, 567 A.2d 1013 (App.Div. 1989), aff'd in part, rev'd in part on other grounds, sub nom., N.J. Educ. Facilities Auth. v. Gruzen, 125 N.J. 66, 592 A.2d 559 (1991); State v. Scientific Coating Co., Inc., 228 N.J. Super. 320, 324, 549 A.2d 874 (App.Div. 1988). See Trustees of Public Schools v. City of Trenton, 30 N.J. Eq. 667, 683 (E. & A. 1879). N.J.S.A. 2A:14-1.1 does not expressly or by implication apply to a cause of action brought by the State.
Characterizing N.J.S.A. 2A:14-1.1 as a statute of repose (Newark Beth Israel v. Gruzen, 124 N.J. 357, 363, 590 A.2d 1171 (1991)) as opposed to a statute of limitations, and further considering the scope of nullum tempus as extending only to statutes of *147 limitations, the trial judge concluded Rutgers could not rely upon that concept to avoid the otherwise applicable time limitation in N.J.S.A. 2A:14-1.1 and thus found the State's complaint barred by the ten-year period set forth therein. We can find, however, no basis for limiting nullum tempus to only what might be characterized as pure statutes of limitation and neither do we think the characterization of N.J.S.A. 2A:14-1.1 as a statute of repose either necessarily accurate, or if accurate, much of a distinction. The motivating policy for nullum tempus, ancient though it may be, speaks to all time limitations or restrictions upon a State's right to pursue its claims. There can be no doubt that N.J.S.A. 2A:14-1.1 imposes a time restriction or limitation against designers, planners and builders for damage claims arising out of defective and unsafe conditions of improvements to real property. No such action "shall be brought ... more than 10 years after the performance or furnishing of such services and construction...." Ibid.
We acknowledge that N.J.S.A. 2A:14-1.1 "is not a conventional statute of limitations." Newark Beth Israel v. Gruzen, 124 N.J. at 363, 590 A.2d 1171. Such a statute fixes a period of time within which an injured person must commence litigation or be forever barred and normally commences that time period from the moment the cause of action accrues. Ibid. See White v. Violent Crimes Compensation Board, 76 N.J. 368, 374-75, 388 A.2d 206 (1978). N.J.S.A. 2A:14-1.1 does establish a period of time within which claims may be brought, but commences the time period not from accrual of a cause of action, but from the date of completion of the real property improvement from which potential causes of action could arise.
And, thus, in Rosenberg v. North Bergen, 61 N.J. 190, 293 A.2d 662 (1972), the Court rejected plaintiff's contention the statute unconstitutionally barred her cause of action before it arose. In doing so it noted the statute was not a typical statute of limitation. In response to the claim of unconstitutionality, the Court pointed out that the statute did not in all respects bar a cause of action, rather prevented what might be a cause of action from arising where the accrual was beyond ten years of completion of the *148 work  thus the label statute of repose. 61 N.J. at 199, 293 A.2d 662. See Newark Beth Israel v. Gruzen, 124 N.J. at 363, 590 A.2d 1171.
And in O'Connor v. Altus, 67 N.J. 106, 335 A.2d 545 (1975) in determining whether the infant tolling statute applied to the ten-year period, the Court again observed that the statute "is not a typical statute of limitations," but rather is a "special statutory limitation or `hybrid'." 67 N.J. at 121, 335 A.2d 545. On the one hand, if the cause of action or injury occurred after the ten-year period, it barred a right of action from ever coming into existence. But, as to causes of actions or injuries arising within the ten years, the statute operated "like any other statute of limitations" and merely disallowed the institution of suit. 67 N.J. at 122, 335 A.2d 545. Viewed in this light, the infant tolling statute would apply, but only to the extent that it did not extend the period in which to bring suit beyond the ten years after completion of construction. 67 N.J. at 123, 335 A.2d 545.
But whether N.J.S.A. 2A:14-1.1 is considered an atypical statute of limitations, a hybrid, or a repose provision, the fact remains that it is still a limitations provision which is triggered by the running of time. It merely calculates the running of that time from a different starting point. The reasons for its existence, though, are no different from the policy considerations underlying all statutes of limitations. That is, it seeks to protect certain defendants from having to remain potentially liable for life. See E.A. Williams v. Russo, 82 N.J. 160, 168, 411 A.2d 697 (1980).
Viewed in this light, we see no reason why nullum tempus, as it existed at the time Rutgers commenced this litigation, should not apply to N.J.S.A. 2A:14-1.1 See Rosenberg v. North Bergen, 61 N.J. at 201, 293 A.2d 662 ("[a]ll statutes limiting in any way the time within which a judicial remedy may be sought are statutes of repose."). Cf. Miller v. Board of Chosen Freeholders of Hudson Cty., 10 N.J. 398, 403, 91 A.2d 729 (1952); see also Rowan Cty. Bd. of Educ. v. United States Gypsum Co., 332 N.C. 1, 418 S.E.2d 648 (1992) (nullum tempus applies not only to statutes of limitations *149 but to statutes of repose as well since such statutes are still time limitations). Accord Bellevue Sch. Dist. No. 405 v. Brazier Constr. Co., 103 Wash.2d 111, 691 P.2d 178 (1984). Compare Virginia v. Owens-Corning Fiberglas Corp., 238 Va. 595, 385 S.E.2d 865 (1989). See generally White v. Violent Crimes Compensation Board, 76 N.J. at 376, 388 A.2d 206 "`the distinction between a remedial statute of limitations and a substantive statute of limitations is by no means so rock-ribbed or so hard and fast as many writers and judges would have us believe. Each type of statute, after all, still falls into the category of a statute of limitations. And this is nonetheless true even though we call a remedial statute a pure statute of limitations and then designate the substantive type as a condition of the very right of recovery. There is no inherent magic in these words.'" (quoting Scarborough v. Atlantic Coast Line R. Co., 178 F.2d 253, 259 (4th Cir.1949)); Lopez v. Swyer, 62 N.J. 267, 274, 300 A.2d 563 (1973) ("statutes of limitations are statutes of repose"). We, thus, can find no rational basis for precluding the application of nullum tempus to N.J.S.A. 2A:14-1.1 as of the time the State commenced its action.
We briefly address defendant's alternative argument that Rutgers is not a state agency for the purposes of nullum tempus. We reject that contention.
Rutgers exists pursuant to N.J.S.A. 18A:65-1 through -73, entitled "Rutgers, the state university law." See N.J.S.A. 18A:65-1 (L. 1967, c. 271). Rutgers has been characterized by the Legislature as an instrumentality of the State for purposes of operating a State university, N.J.S.A. 18A:65-2, and is funded by appropriations from the State, N.J.S.A. 18A:65-27. The management, control and administration of Rutgers is shared by a board of governors and board of trustees, the majority of members of which are appointed by the Governor with the advice and consent of the Senate. N.J.S.A. 18A:65-14, 15, 65-24. The facilities and assets of the university are impressed with a public trust, their beneficial use being reserved for the higher education of New Jersey residents, N.J.S.A. 18A:65-2.
*150 Although it has been recognized that a State university is not considered the State for all purposes, N.J. Educ. Facilities Auth. v. Gruzen, 125 N.J. at 73, 592 A.2d 559, nevertheless, Rutgers has been considered an instrumentality of the State for purposes of immunity from local zoning enactments, Rutgers v. Piluso, 60 N.J. 142, 153, 286 A.2d 697 (1972),[2] and for purposes of exemption from local property taxes, Rutgers v. Piscataway Tp., 1 N.J. Tax 164, 169 (Tax.Ct. 1980). Contrary conclusions have been reached as to Eleventh Amendment immunity, Kovats v. Rutgers, 822 F.2d 1303, 1312 (3rd Cir.1987), cert. denied, 489 U.S. 1014, 109 S.Ct. 1126, 103 L.Ed.2d 188 (1989), the federal Privacy Act, Krebs v. Rutgers, 797 F. Supp. 1246, 1256 (D.N.J. 1992), and the public bidding statutes, Rutgers v. Kugler, 110 N.J. Super. 424, 434, 265 A.2d 847 (Law Div. 1970), aff'd o.b., 58 N.J. 113, 275 A.2d 441 (1971). See also In re Exec. Comm'n on Ethical Stand., 116 N.J. 216, 229, 561 A.2d 542 (1989); Briscoe v. Rutgers, 130 N.J. Super. 493, 506, 327 A.2d 687 (Law Div. 1974).
We think, however, cases dealing specifically with the doctrine of nullum tempus and the doctrine's applicability to certain classes of "State agencies" are dispositive as to Rutgers. For example, the New Jersey Educational Facilities Authority has been held to be a division of the State entitled to invoke the doctrine of nullum tempus. State v. Scientific Coating Co. Inc., 228 N.J. Super. at 323, 549 A.2d 874. Similarly, it has been held that the New Jersey Higher Education Assistance Authority is also allowed to invoke nullum tempus. N.J. Higher Educ. Assistance Auth. v. Carlock, 247 N.J. Super. 471, 475, 589 A.2d 671 (Law Div. 1991).
Significantly, in N.J. Educ. Facilities Auth. v. Conditioning Co., 237 N.J. Super. 310, 567 A.2d 1013, we held that, for purposes of the doctrine of nullum tempus, State colleges should be considered State agencies. As State-run institutions of higher learning, *151 State colleges are integral parts of government, exercising fundamental government functions. Id. at 318-21, 567 A.2d 1013.
In affirming this decision and in concluding that Jersey City State College could invoke the doctrine of nullum tempus, our Supreme Court noted that providing education and suitable facilities for that purpose are uniquely governmental functions. N.J. Educ. Facilities Auth. v. Gruzen, 125 N.J. at 71, 592 A.2d 559. The Court recognized that there was an underlying concern that academic freedom not be impeded by too close an association of the State with institutions of higher learning. Nevertheless, the Court concluded that "creating the building blocks of education, the bricks and mortar of education," did not so directly touch upon the notion of educational independence as to justify treating a State college differently from the "State" for purposes of allowing the college the benefit of the doctrine of nullum tempus in its suit against those responsible for defectively designing and constructing a student-center building. Id. at 74, 592 A.2d 559. We find no difference between Jersey City State College and Rutgers for the purposes of nullum tempus.
We, thus, reverse the dismissal of Rutgers' complaint and remand for further proceedings.
NOTES
[1] We express no view as to whether N.J.S.A. 2A:14-1.2 which imposes a ten-year limitation upon the State from the date of accrual of cause of action, would in anyway affect the State's action here.
[2] But see N.J.S.A. 18A:65-33.2 to -33.5.