279 N.J. Super. 241 (1995)
652 A.2d 741
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CRUZ CONSTRUCTION COMPANY, INC., CRUZ CONSTRUCTION CORPORATION, AND SAFECO INSURANCE COMPANY OF AMERICA, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 1994.
Decided February 2, 1995.
*242 Before Judges MICHELS, STERN and KEEFE.
John F. Neary and Michael J. Forrester argued the cause for appellants Cruz Construction Corporation and Safeco Insurance Company of America (Connell, Foley & Geiser and Lum, Hoens, Conant, Danzis & Kleinberg, attorneys; Theodore W. Geiser and Colin M. Danzis, of counsel; Mr. Neary, Mr. Danzis and Dennis J. Drasco, on the brief).
Wayne J. Martorelli argued the cause for respondent State of New Jersey (Duane, Morris & Heckscher and Deborah T. Poritz, Attorney General of New Jersey, attorneys; Helene P. Chudzik, Deputy Attorney General, of counsel; Mr. Martorelli, on the brief).
Steven E. Brawer argued the cause for amicus curiae Construction Industry Advancement Program of New Jersey (Mandelbaum, Salsburg, Gold, Lazris, Discenza & Steinberg, attorneys; Mr. Brawer, of counsel; Mr. Brawer and Adrienne L. Isacoff, on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
We granted defendants Cruz Construction Corporation (Cruz) and Safeco Insurance Company of America (Safeco) leave to *243 appeal from an order of the Law Division that denied their motions to dismiss the complaint of plaintiff State of New Jersey (State) on the ground that the claims asserted against them were barred by the ten-year limitation period of N.J.S.A. 2A:14-1.1.
Briefly, Cruz and the State entered into a written contract on October 10, 1975, under which Cruz was to construct a reservoir pipeline 3.6 miles in length linking the North Dam of the Round Valley Reservoir in Clinton, New Jersey, to a release structure located in Whitehouse Station, New Jersey. In accordance with the contract, Safeco, as Cruz's surety, issued a performance bond for the benefit of the State, obligating Safeco with respect to Cruz's performance under the contract. In 1977, Cruz completed its work under the contract with the State.
On June 15, 1988, a section of the pipeline installed by Cruz ruptured, resulting in the discharge of a claimed 40 million gallons of water and requiring closure of the pipeline until repairs could be completed. The State repaired the ruptured section of the pipeline in December 1988, and placed the line back in operation in June of 1989. Upon further inspection, the State discovered that the damage was more extensive than previously believed and that the pipeline had to be shut down and replaced in its entirety.
The State instituted this action against Cruz and Safeco on February 7, 1993, alleging that Cruz breached its contract by constructing the pipeline with defective materials which failed to conform to contract specifications. The State claimed that the costs and expenses incurred in repairing the pipeline were $5,940,000 and that the estimates of the costs to fully replace the reservoir pipeline would be an additional $25,300,000. Therefore, the State sought to recover a total of $31,240,000.
Cruz and Safeco moved to dismiss the action on the ground that the claims were time-barred by the provisions of N.J.S.A. 2A:14-1.1. Judge Herr in the Law Division held, generally, that in view of Rutgers v. Grad Partnership, 269 N.J. Super. 142, 634 A.2d 1053 (App.Div. 1993), certif. denied, 135 N.J. 470, 640 A.2d *244 851 (1994) and the doctrine of nullum tempus, which was extended by a Supreme Court order even though abrogated by the Court in N.J. Educ. Facilities v. Gruzen, 125 N.J. 66, 592 A.2d 559 (1991), the State's claims were insulated from the operation of N.J.S.A. 2A:14-1.1, and, therefore, were not time-barred by the statute. We agree and affirm.
N.J.S.A. 2A:14-1.1, which applies to claims brought against contractors, provides:
No action whether in contract, in tort, or otherwise to recover damages for any deficiency in the design, planning, supervision or construction of an improvement to real property, or for any injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction. This limitation shall not apply to any person in actual possession and control as owner, tenant, or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought.
While it is unquestioned that this statute applies to claims brought by private entities, N.J.S.A. 2A:14-1.1 does not apply to claims brought by the State. In Rutgers v. Grad Partnership, Rutgers, The State University of New Jersey, sued several defendants in 1993, based on their improper design and installation of glass drainage pipes as part of the construction of a new building at the Rutgers New Brunswick campus completed in 1963. The trial court dismissed the action because it was brought outside of the ten-year statute of repose of N.J.S.A. 2A:14-1.1. We reversed, holding that the doctrine of nullum tempus applied to N.J.S.A. 2A:14-1.1 and that, therefore, Rutgers' claim was not subject to the ten-year statute of repose.[1] The result was that Rutgers was permitted to bring its action even though the construction *245 work had been completed nearly 30 years before the suit was brought. We based our ruling on the notion that "[a]bsent inclusion either expressly or by implication of the State in a statute of limitations, nullum tempus operates so that such a statute, should not be read to affect adversely the State's rights." Rutgers, supra, 269 N.J. Super. at 146, 634 A.2d 1053. See also Livingston Bd. of Ed. v. U.S. Gypsum, 249 N.J. Super. 498, 505, 592 A.2d 653 (App.Div. 1991).
Although Cruz and Safeco maintain that Rutgers was decided incorrectly, we are satisfied that its holding is consistent with fundamentally sound and well-settled principles of statutory interpretation. It is settled that "[i]f a change in the common law is to be effectuated, the legislative intent to do so must be clearly and plainly expressed." DeFazio v. Haven Savings and Loan Ass'n., 22 N.J. 511, 519, 126 A.2d 639 (1956); Lisi v. Parnell, 201 N.J. Super. 321, 327, 493 A.2d 40 (App.Div. 1985). See Fivehouse v. Passaic Valley Water Comm., 127 N.J. Super. 451, 456, 317 A.2d 755 (App.Div.), certif. denied, 65 N.J. 565, 325 A.2d 699 (1974).
Nullum tempus is a common law doctrine. Since there is no clear or express legislative intent apparent in the language of N.J.S.A. 2A:14-1.1 to change this common law principle, it logically follows that nullum tempus cannot be deemed to have been altered by the enactment of the statute. As we stated in Rutgers, "N.J.S.A. 2A:14-1.1 does not expressly or by implication apply to a cause of action brought by the State." Rutgers, supra, 269 N.J. Super. at 146, 634 A.2d 1053. Thus, under both Rutgers and settled principles of statutory interpretation, N.J.S.A. 2A:14-1.1 would not apply to the State to time-bar these claims.
Cruz and Safeco maintain that aside from Rutgers, all other cases which have dealt with N.J.S.A. 2A:14-1.1 have not applied the doctrine of nullum tempus, and in so doing have barred lawsuits which were brought by the State more than ten years after the completion of work. See Wayne Tp. Bd. of Ed. v. Strand Century, Inc., 172 N.J. Super. 296, 411 A.2d 1161 (App.Div. 1980); County of Hudson v. Terminal Construction Corp., 154 N.J. Super. *246 per. 264, 381 A.2d 355 (App.Div. 1977), certif. denied, 75 N.J. 605, 384 A.2d 835 (1978). However, none of these cases considered or even mentioned the doctrine of nullum tempus. Moreover, it cannot be inferred that since nullum tempus was not raised by either the litigants or the courts, the courts decided that nullum tempus cannot apply to N.J.S.A. 2A:14-1.1. To the contrary, the cited cases did not consider the doctrine of nullum tempus at all, while the Rutgers court specifically relied on it.
Cruz and Safeco also contend that N.J.S.A. 2A:14-1.1 is a statute of repose, not a statute of limitations, and thus the doctrine of nullum tempus cannot apply. They base their argument on the reasoning that nullum tempus was designed to avoid the forfeiture of government claims due to a lack of diligence on the part of public officials in timely prosecuting them once having learned of them, and that "the public should not have to suffer by reason of the neglect of a governmental employee." Gruzen, supra, 125 N.J. at 75, 592 A.2d 559. Defendants claim that such reasoning would have no impact on a statute of repose because repose statutes have an automatic bar after a specified time after completion of work, whereas statutes of limitations focus on the date a cause of action accrues. This argument is not persuasive. While some courts have made a distinction between statutes of limitations and statutes of repose, many others indicate that the difference is unimportant. Most significantly, Rutgers, which dealt directly with N.J.S.A. 2A:14-1.1, held that it is a hybrid statute, and that the doctrine of nullum tempus could be applied to it. We reasoned:
We can find, however, no basis for limiting nullum tempus to only what might be characterized as pure statutes of limitation and neither do we think the characterization of N.J.S.A. 2A:14-1.1 as a statute of repose either necessarily accurate, or if accurate, much of a distinction.... But whether N.J.S.A. 2A:14-1.1 is considered an atypical statute of limitations, a hybrid, or a repose provision, the fact remains that it is still a limitations provision which is triggered by the running of time. It merely calculates the running of that time from a different starting point. The reasons for its existence, though, are no different from the policy considerations underlying all statutes of limitations. That is, it seeks to protect certain defendants from having to remain potentially liable for life. See E.A. Williams v. Russo, 82 N.J. 160, 168, 411 A.2d 697 (1980).

*247 Viewed in this light, we see no reason why nullum tempus, as it existed at the time Rutgers commenced this litigation, should not apply to N.J.S.A. 2A:14-1.1.
[Rutgers, supra, 269 N.J. Super. at 147-48, 634 A.2d 1053].
Nor does N.J.S.A. 2A:14-1.2 bar the State's claims against Cruz and Safeco. N.J.S.A. 2A:14-1.2 was adopted solely for the purpose of resolving the issue of how, if at all, the State is bound by a limitations period. N.J.S.A. 2A:14-1.2 came into existence in response to the abrogation of nullum tempus by the Supreme Court's decisions in Gruzen, supra, Holloway v. State, 125 N.J. 386, 593 A.2d 716 (1991) and Devins v. Borough of Bogota, 124 N.J. 570, 592 A.2d 199 (1991). See State, DEP v. Larchmont Farms, 266 N.J. Super. 16, 34, 628 A.2d 761 (App.Div. 1993), certif. denied, 135 N.J. 302, 639 A.2d 301 (1994). In rendering its decision abrogating nullum tempus, the Supreme Court intended to leave the matter to the Legislature. The Court in Gruzen expressly stated:
... we abrogate the immunity doctrine of nullum tempus insofar as it applies to immunity of the State or its agencies from the application of statutes of limitations in contractual matters. To avoid disruptions of governmental fiscal affairs currently positioned on the continued existence of the doctrine, we make our decision effective December 31, 1991. We commend the matter to the consideration of the Legislature for any modification of this disposition in light of the special needs of governmental agencies.
[Id. 125 N.J. at 69, 592 A.2d 559].
Once left to the Legislature, the Legislature enacted N.J.S.A. 2A:14-1.2, which reads:
a. Except where a limitations provision expressly and specifically applies to actions commenced by the State or where a longer limitations period would otherwise apply, and subject to any statutory provisions or common law rules extending limitations periods, any civil action commenced by the State shall be commenced within ten years next after the cause of action shall have accrued.
b. For purposes of determining whether an action subject to the limitations period specified in subsection a. of this section has been commenced within time, no such action shall be deemed to have accrued prior to January 1, 1992.
c. As used in this act, the term "State" means the State, its political subdivisions, any office, department, division, bureau, board, commission or agency of the State or one of its political subdivisions, and any public authority or public agency, including, but not limited to, the New Jersey Transit Corporation and the University of Medicine and Dentistry of New Jersey.
*248 N.J.S.A. 2A:14-1.2, is a recently enacted statute which has not been analyzed at any length by our courts. In fact, there are only four cases which even cite the statute and they have not addressed the issues before us. It is, therefore, helpful to examine the legislative history of the statute to better understand the reasoning behind it and the manner in which it should be applied.
The Statement to Senate Bill No. 3741 (1991), gives us insight into the thinking of the Legislature in its enactment of N.J.S.A. 2A:14-1.2. The Statement provides in part:
In order to strike a better balance between the competing interests furthered by the nullum tempus doctrine and statutory limitations periods, and in order to avoid potential disputes over applicable limitations periods, this bill proposes a uniform ten-year limitations period for actions commenced by governmental entities formerly protected by the nullum tempus doctrine. This ten-year period would apply unless another statute expressly provides a different period for actions commenced by the State .. . [I]n no case would the ten-year period be deemed to have begun prior to January 1, 1992. This will allow governmental entities ample time for evaluation of pending matters.
It is apparent that N.J.S.A. 2A:14-1.2 was enacted in response to judicial decisions which abolished the doctrine of nullum tempus. While N.J.S.A. 2A:14-1.1 was not enacted to affect public entities such as the State, N.J.S.A. 2A:14-1.2 was enacted solely for that reason. The text of the latter statute reveals that the drafters were attempting to deal with the abrogation of the nullum tempus doctrine by balancing the policy served by limitations periods while at the same time taking into consideration the State's interests.
In Larchmont, we stated that N.J.S.A. 2A:14-1.2 applies to actions brought by the government, unless it is "expressly and specifically" clear that another limitations period applies. See Larchmont, supra, 266 N.J. Super. at 34, 628 A.2d 761. We held that since there was no express and clear language that N.J.S.A. 2A:14-10 applied to actions brought by the Department of Environmental Protection under the Pesticide Act, the ten-year statute of limitations under N.J.S.A. 2A:14-1.2 applied to its claim. Id. Applying the Larchmont reasoning to the facts of this case, since it is not "expressly and specifically" clear that N.J.S.A. 2A:14-1.1 *249 applies to the State, we hold that the State's action is controlled by the ten-year statute of limitations of N.J.S.A. 2A:14-1.2.
N.J.S.A. 2A:14-1.2 provides in plain and unambiguous language that the State has ten years from the time an action accrues to bring its claim, and that no claim will be "deemed to have begun prior to January 1, 1992." Under this statute, the State would have been able to bring its claim against Cruz and Safeco until December 31, 2001, which is ten years from January 1, 1992, the date specified as the earliest that any claim to be brought by the State could accrue. Since the State brought its claim well before 2001, its claims here against Cruz and Safeco are not time-barred.
Cruz and Safeco further contend that to allow the State to bring its claim would be inconsistent with the whole theory of a statute of repose, in that "exemption of government claims from the operation of the repose statute would frustrate the Legislature's purpose in enacting said statute." These arguments become irrelevant in light of the Legislature's latest actions. We no longer need apply the language of N.J.S.A. 2A:14-1.1 to State claims, but need only apply N.J.S.A. 2A:14-1.2. Applying the language of N.J.S.A. 2A:14-1.2, it is clear that the State's action in the instant case is not time-barred.
Amicus curiae Construction Industry Advancement Program of New Jersey argues that should the trial court's ruling be affirmed, governmental entities would have complete immunity from limitations periods, creating an outcome that would be the antithesis of the aims of the current public policy against the nullum tempus doctrine. We disagree. Under N.J.S.A. 2A:14-1.2, governmental entities will be required to bring suit within ten years of the accrual of any claim. No claim however, will be barred until December 31, 2001, since no claim will be deemed to have accrued until January 1, 1992. This window of time (January 1, 1992 to December 31, 2001) was provided to "allow governmental agencies ample time for evaluation of pending matters," before the limitations period begins. See Statement To Senate Bill No. 3741. Here, the State has the benefit of this window and is entitled to *250 bring its claims despite the fact that Cruz' work was completed more than ten years ago.
Finally, we point out that when the Supreme Court abrogated the doctrine of nullum tempus in Gruzen, they did so prospectively to December 31, 1991. An unreported order by the Supreme Court of New Jersey, dated December 19, 1991, (in the Gruzen matter) postponed this abrogation until March 1, 1992. It was on January 16, 1992 (between the two previous dates mentioned) that the Legislature enacted N.J.S.A. 2A:14-1.2. Cruz and Safeco contend that since the Supreme Court order was unreported, it is not controlling and does not have "universal impact." Therefore, they argue that the December 31, 1991 cutoff date barred the State's claim, which could not be subsequently revived by the enactment of N.J.S.A. 2A:14-1.2.
R. 1:36-3 provides in pertinent part that "[n]o unpublished opinion shall constitute precedent or be binding upon any court." However, R. 1:36-3 refers only to unpublished opinions and not orders. The Supreme Court order in the Gruzen matter, although unpublished, constitutes precedent and is binding upon all courts. Furthermore, it is clear that the Supreme Court issued the order for the purpose of giving the Legislature additional time in which to enact a statute which dealt specifically with the issue of nullum tempus and State claims in response to the Gruzen holding. If this order were not applicable, all unasserted claims of all governmental authorities would become subject to all statutory periods of limitation as of December 31, 1991. This certainly could not have been the intention of the Supreme Court or the Legislature. Thus, the Supreme Court's order and N.J.S.A. 2A:14-1.2 combine to permit the filing of the State's claim within the period authorized by the statute.
Accordingly, the order of the Law Division under review denying the motion of Cruz and Safeco to dismiss plaintiff's complaint is affirmed.
NOTES
[1] The Rutgers court did not address N.J.S.A. 2A:14-1.2, since it was not in effect at the time that suit was brought. It therefore dealt exclusively with N.J.S.A. 2A:14-1.1.