839 A.2d 95 (2004)
365 N.J. Super. 313
CHERRY HILL MANOR ASSOCIATES, Plaintiff,
v.
Paul FAUGNO and Rogan & Faugno, Defendants-Appellants/Third-Party Plaintiffs,
v.
Harleysville Insurance Company of New Jersey, Timothy Tuttle, Robert J. Mancinelli and Carver & Mancinelli, Third-Party Defendants/Respondents.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 2003.
Decided January 7, 2004.
*96 Lance J. Kalik, Morristown, argued the cause for appellants Paul Faugno and *97 Rogan & Faugno (Riker, Danzig, Scherer, Hyland & Perretti, attorneys; Glenn A. Clark, of counsel; Mr. Kalik, Mr. Clark and Ronald Z. Ahrens, on the brief).
Leon Piechta, West Orange, argued the cause for respondent Timothy Tuttle (John C. Kennedy, of counsel and on the brief).
Christopher J. Carey argued the cause for respondents Robert Mancinelli and Carver & Mancinelli (Mr. Carey, of counsel; Mr. Carey and Patricia A. Brennan, on the brief).
Cherry Hill Manor did not file a brief.
Before Judges ALLEY, PARKER and COLEMAN.
The opinion of the court was delivered by PARKER, J.A.D.
Defendants/third-party plaintiffs Paul Faugno, Esq., and his law firm Rogan & Faugno (Faugno) appeal from a grant of summary judgment dismissing their third-party complaint on the ground that the third-party defendants could not be held liable as joint tortfeasors. We reverse and remand.
The events giving rise to this legal malpractice action began in October 1986, when plaintiff contracted to purchase a sixteen-unit condominium complex from Cherry Hill Manor. Plaintiff retained third-party defendant Timothy Tuttle, Esq., to represent it in the deal. Plaintiff paid a $300,000 deposit to Manor, for which it was to receive a purchase money mortgage. The mortgage, however, was never delivered and Manor defaulted.
In 1989, plaintiff retained third-party defendant Robert Mancinelli, Esq., to represent it in an action against Manor to recover the deposit monies. Mancinelli did not name Tuttle in that suit. Manor subsequently filed a voluntary petition in bankruptcy and the complaint was dismissed.
In 1992, plaintiff retained defendant/third-party plaintiff Faugno to file a malpractice claim against Tuttle. Ultimately, Tuttle was granted summary judgment under the entire controversy doctrine and we affirmed. Neubauer v. Tuttle, No. A-2341-94T3 (App.Div. December 13, 1995).
In March 1998, plaintiff retained Anthony D'Elia, Esq., to file a malpractice complaint against Mancinelli for failure to include Tuttle in the 1989 action against Manor. That complaint was also dismissed on summary judgment under the entire controversy doctrine because Mancinelli should have been included in the suit against Tuttle. Again, we affirmed. Schwartz v. Mancinelli, No. A-3989-98T2 (App.Div. February 25, 2000).
Plaintiff next filed a malpractice action against Faugno for failing to name Mancinelli in the suit against Tuttle. Faugno then filed third-party complaints against Mancinelli and Tuttle for indemnification and contribution under the Joint Tortfeasors Contribution Act (Act), N.J.S.A. 2A:53A-1 to -29.
Mancinelli and Tuttle moved for summary judgment on the ground that they were not subject to the Act because plaintiff's direct claims against them had been dismissed under the entire controversy doctrine. That motion was granted, and Faugno's motion for leave to appeal was denied on January 29, 2000.
Faugno then entered into a consent judgment, settling with plaintiff for $575,000. The consent judgment was satisfied on October 21, 2002 and Faugno appealed. Faugno now argues: (1) the trial judge erred in interpreting the Act; and (2) equity demands that he be allowed to seek contribution from Tuttle and Mancinelli. *98 Faugno contends that Tuttle and Mancinelli are joint tortfeasors because all three attorneys caused the same injury to plaintiff and are responsible for the same damages, i.e., loss of the deposit monies paid by plaintiff to Cherry Hill Manor.
The Act defines "joint tortfeasors" as "two or more persons jointly or severally liable in tort for the same injury to person or property," and allows one joint tortfeasor to "recover contribution from [any] other joint tortfeasor or joint tortfeasors for the excess paid over his pro rata share." N.J.S.A. 2A:53A-1 and -3. An action for contribution from a joint tortfeasor is neither derivative of nor dependent upon a plaintiff's direct claim against that joint tortfeasor. See, e.g., Holloway v. State, 125 N.J. 386, 402, 593 A.2d 716 (1991) (where plaintiff sued only one joint tortfeasor, one joint tortfeasor's right of contribution against the other was not limited by the time bar for plaintiff's direct action against the other joint tortfeasor); State v. Cruz Const. Co., Inc., 279 N.J.Super. 241, 244-45, 652 A.2d 741 (App. Div.1995) (although private parties were statutorily time barred from bringing their actions under N.J.S.A. 2A:14-1.1, the State was not). The purpose of the Act was to establish a "right of joint tortfeasors to seek allocation among themselves of the burden of their fault." Markey v. Skog, 129 N.J.Super. 192, 199, 322 A.2d 513 (Law Div.1974). Moreover, the Act "created no rights in an injured plaintiff." Mahoney, Comparative Fault and Liability Apportionment 13:2-2c (2003). Rather, it created an independent right of action for contribution against an alleged joint tortfeasors. Ibid.
R. 4:8-1 provides for filing a third-party complaint against a non-party "who is or may be liable to defendant for all or part of the plaintiff's claim against defendant and may also assert any claim which defendant has against the third-party defendant involving a common question of law or fact arising out of the same transaction or series of transactions as the plaintiff's claim." A third-party complaint for contribution against an alleged joint tortfeasor will survive dismissal of the primary complaint on procedural grounds such as statute of limitations or entire controversy. See Pressler, Current N.J. Court Rules, comment on R. 4:8-1.
We held in LaBracio Family Partnership v. 1239 Roosevelt Avenue, Inc., 340 N.J.Super. 155, 773 A.2d 1209 (App.Div. 2001), that two defendant attorneys could seek contribution from a successor attorney for damages stemming from failure of all three attorneys to file a mortgage. Id. at 158, 773 A.2d 1209. The attorneys in LaBracio were all involved in the same transaction and shared a duty to assure that the deed and mortgage were timely filed. Id. at 158-59, 161-62, 773 A.2d 1209.
In the case before us, the common thread is that each attorney represented plaintiff to pursue essentially the same damages arising out of the original transaction. The attorneys are potentially liable for having failed to protect the interests of their mutual client. In other words, Faugno's liability for failing to preserve plaintiff's claim against Mancinelli arises out of Mancinelli's alleged failure to preserve plaintiff's claim against Tuttle for Tuttle's alleged failure to protect plaintiff's interest in the $300,000 deposit paid to Cherry Hill Manor. Tuttle's alleged conduct led to cascading liability through the chain of representation.
An essential element of recovery under the Act is "that the parties be `joint wrongdoers under a joint or several liability to the injured person for the injurious consequences of the wrongful act, neglect *99 or default reduced to judgment.'" Tomkovich v. Public Service Coordinated Transport, 61 N.J.Super. 270, 274, 160 A.2d 507 (App.Div.1960), certif. denied, 33 N.J. 116, 162 A.2d 341 (1960). "The right to contribution under the statute is an inchoate right arising upon the commission of joint tortious conduct and becomes consummate and enforceable by one of the tortfeasors when payment is made by him beyond his pro rata share of a judgment arising out of such [joint] tortious conduct." Id. at 273-74, 160 A.2d 507.
We are mindful of the fact that Tuttle's liability has never been adjudicated on the merits. Our decision does no more than give Faugno the opportunity to pursue his claims against Tuttle and Mancinelli. Yet another day may dawn with this case on our calendar once again.
Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.